PLEASANT L. J. MAY, and others, plaintiffs in error, vs. THE-
ODORE A. GOODWIN, defendant in error.

An objection to a bill on the ground that the complainant has an adequate rem-
edy at law, comes too late at the hearing. It should be taken advantage of
the first opportunity by plea or demurrer; otherwise it will be considered as
waived.

In Equity, from Macon county. Decision by Judge LA-
MAR, at September Term, 1858.

This case was before this Court at June Term, 1857, and
is reported in 22d, Ga. Rep., where the facts will be found
duly stated. *Cont fine them*
The following is the judgment pronounced by the Supreme
Court upon the former hearing:

" THEODORE A. GOODWIN, plaintiff in error, vs. PLEASANT L.
J. MAY, et. al., defendants in error.

This case came before the Court upon a transcript of the
record from the Superior Court of Macon county, and after ar-
gument had, it is considered and adjudged by the Court,
that the judgment of the Court below be reversed upon the
ground, that that Court erred in holding, that a conditional
parol sale of personal property, was not good against a mort-
gage given by the purchaser to a creditor who had no notice
of the defect in the title."

The case by order of the Court below, was reinstated upon
the appeal docket, and the aforesaid judgment of the Su-
preme Court, made the judgment of said Superior Court.

The case coming on for trial at September Term, 1858,
counsel for the defendants, moved to dismiss the bill on the
ground that complainant had full and adequate remedy at
law, and that a Court of Equity has no jurisdiction of said
cause as made by the bill.

The Court overruled said motion, and ordered the cause

to proceed. Whereupon, counsel for defendants excepted, and assigned as error said decision.

COOKE & MONTFORT ; GEO. R. HUNTER ; and M. H. BLAND-FORD, for plaintiffs in error.

SAM HALL, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

We are inclined to think that this is a good bill. The claimants or mortgagees, by discharging complainant's demand, would entitle themselves to the balance of the money arising from the sale of the furniture.

Were it otherwise, it is too late to move to dismiss the bill for want of equity, because the complainant had a common law remedy. A motion to dismiss a bill for want of equity, proper, may be made at any time. As for example, if a bill be filed for the specific performance of a parol contract respecting land ; and it appears from its face, that the agreement is clearly within the statute of frauds, a motion to dismiss for want of equity may be made at the final hearing.

There are some cases, where the judgment of a Court is void for want of jurisdiction. As where the Ordinary grants letters of administration out of the county of the intestate's residence at the time of his death. And this also, may be taken advantage of at any time. But who doubts the decree rendered in this case, notwithstanding there may have been an adequate and ample remedy at law.

In this State it is frequently rather a question of convenience, than of jurisdiction strictly. And for the defendant to litigate for years, as the defendant in this case has done, and the case is about to be submitted to a jury for a final determination, then to move to dismiss because the party has a common law remedy, the objection comes too late. If the

Vanover et al., vs. Jus. Inf. Court.

fact be so, the defendant should have taken advantage of it by plea or demurrer, otherwise; he will be adjudged to have waived it. A different practice would involve an amount of delay and expense, that would be oppressive in the extreme.

The Act of 1820, dealt a deadly blow to the partition wall, which separated the two forums, equity and common law; it has tottered and crumbled more and more under the subsequent legislation, until the great Chinese wall, which so long divided these Courts, may now be passed by a suitor or pleader, almost without knowing it. An Act of three lines, I repeat it again and again, authorizing the jury at law to frame their verdict to meet the equity of the case, and the folly of ages, is obliterated.

Judgment affirmed.