## BELL *vs.* McGRADY.

1. G. & H. assign their effects to G——, to pay their debts. B——, a creditor of G. & H., may, by bill, enforce this agreement for his benefit.

2. An objection to a bill, on the ground that the complainant has an adequate remedy at law, comes too late, at the hearing when the bill is set down for trial. It must be taken advantage of the first opportunity.

In Equity, in Webster Superior Court. Motion to dismiss a bill, decided by Judge PERKINS, at the September Term, 1860.

The record in this case discloses the following state of facts, to-wit:

On the 6th day of August, 1858, James M. Bell exhibited a bill in Equity, against William J. Gardner, James R. Kendrick, and Silas M. McGrady, in which he alleges: That the said Gardner and Kendrick were partners in the livery-stable business in the town of Preston, and that all their visible or tangible property consisted of the horses, buggies, etc., connected with said business; that on the 14th day of April, 1857, one Meredith Statham sold to the said firm of

XXXII—17.

Gardner & Kendrick a horse and buggy, for which they gave him their promissory note for $160 00, dated the said day of sale, due the 25th of December, 1857, and payable to the said Statham or bearer; that said note was duly transferred to the complainant for value and in a fair course of trade, whereby he became the lawful owner and bearer of the note, and entitled to the sum of money due thereon; that on the 1st day of January, 1858, the said Silas McGrady purchased from the said Gardner & Kendrick the said livery-stables, horses, buggies, books of account, and all other appurtenances of said business, including the horse and buggy so sold by Statham as aforesaid; that the prime consideration of such purchase was an agreement in writing, entered into at the time, in and by which the said Silas M. McGrady bound himself to pay all the debts and liabilities of the said firm of Gardner & Kendrick; that, pursuant to the terms of said written agreement, the said Silas M. McGrady did pay to the complainant on said note the sum of $19 50, on the 14th of January, 1858; that said written agreement of said McGrady, to pay off the liabilities of said Gardner & Kendrick, is inaccessible to the complainant, and, as he believes, has been destroyed by said McGrady, or through some agency of his; that the firm of Gardner & Kendrick, and the individuals who composed it, are all insolvent, and that Kendrick has absconded from the country, and McGrady utterly refuses to pay the complainant the balance due on said note, notwithstanding he has collected largely more than sufficient for that purpose from the books of the said Gardner & Kendrick.

The bill prays a discovery as to the facts charged, and that, under the written agreement aforesaid, McGrady be compelled to pay the complainant the principal and interest due on the note given to Stratham.

At the September Term of Webster Superior Court, said bill was called for trial, and a special jury was impanneled to try it, when counsel for the defendant moved to dismiss the bill for want of equity, and because complainant had an adequate remedy at law. The presiding Judge sustained the

Bell *vs.* McGrady.

motion, and dismissed the bill on the grounds taken in the motion.

This decision is the error complained of in this case.

WIMBERLY & BLANFORD, for plaintiff in error.

McCAY & HAWKINS, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We think the bill in this case well brought. McGrady, by virtue of his agreement with Gardner & Kendrick, became trustee to pay their debts. The effects of Gardner & Kendrick were assigned to McGrady to discharge their liabilities, and it was proper for this creditor to go into equity to enforce this agreement in behalf of himself and others.

But, admitting that the remedy at law was complete, the bill ought not to have been dismissed on that account. In May, *et al.*, vs. Goodwin, (27 Ga. Rep., 352,) this Court held that an injunction to a bill on the ground that the complainant had an adequate remedy at law, comes too late at the hearing. It should be taken advantage of the first opportunity, otherwise it will be considered as waived.

This decision must stand as a reason for reversing the judgment of the Court below.

Judgment reversed.