Mary A. Fulcher, plaintiff in error, *vs.* James H. Royal *et al.*, executors, defendants in error.

1. Where a claim sets out a deed, and the claim is demurred to, the execution of the deed, including its delivery, is admitted, and the claim case will not be dismissed for want of proper probate to admit the deed to record.

2. A paper containing the following stipulations : " In trust, nevertheless, to and for the benefit of Mary Ann Fulcher and the heirs of her body, during the natural life of the party of the first part, (Fulcher,) who is to receive ample support with his family, and after his death his wife to enjoy the

same with her children during her natural life. If no children by her present husband at her death, in that case, the party of the second part, (the trustee,) is to take one-half of the said bargained property and equally divide the same between the heirs of Thomas Ogg, Henry Smith and Rayman Hall. The remaining half is to be disposed of as the said Mary Ann Fulcher sees fit to do. Should the said William B. Boyd, of the second part, deem it expedient and advantageous to the party of the first part, to make a sale of the aforesaid tract of land in Richmond county and put the amount to interest, or lay the same out in real estate, he is fully authorized, but the same to continue in possession of the party of the first part, and for their natural support and benefit. But no part or portion of the foregoing to be at the disposal of the aforesaid named Mary Ann Fulcher, and the heirs of her body, during the life of the said party of the first part. And the party of the first part, for himself, his executors, administrators and assigns, warrants the aforesaid property to the party of the second part upon the trusts and conditions aforesaid," is a deed, and not a will.

3. It conveys an estate for her own life and the life of the donor, to Mrs. Fulcher, and in the contingency of her having no children, a remainder of one-half of the estate to her, and the power in her to dispose of the other half to the parties named in the manner declared.

4. The trustee being dead, and no other having been appointed, she is the proper party to claim the property when levied on, and it is error to dismiss her claim on the ground that she is not the proper party to make it.

5. The deed having been made by the husband in trust for the benefit of the wife, a separate estate in her is created thereby, and his marital rights do not attach.

6. If it be a voluntary settlement on her by him, it must be recorded within three months, to be of any force or effect against a *bona fide* creditor on the faith of the property without notice of the deed, but the claim *will* not be dismissed on demurrer, because the deed is not so recorded, as notice may be brought home to the creditor independently of the record.

Claim. Demurrer. Deed or will. Estates. Remainder. Parties. Husband and wife. Registry. Before Judge Tompkins. Richmond Superior Court. April Term, 1875.

Reported in the opinion.

Hook & Webb, for plaintiff in error.

Frank H. Miller, for defendants.

Jackson, Judge.

Royal, as executor of one Poythress, levied a *fi. fa.* upon lands as the property of Armstead Fulcher. The judgment

Fulcher *vs.* Royal *et al.*

was dated in 1873. Mary A. Fulcher claimed the land under a deed from her husband, the defendant in *fi. fa.*, dated in 1858, but not recorded until 1873. The claim set out the deed. The plaintiff in *fi. fa.* demurred to the claim on four grounds—

1st. Because the deed had not been recorded;

2d. Because it was a will;

3d. Because it showed no title in the claimant;

4th. Because claimant was not a proper party.

The court overruled the demurrer on all except the last ground, but dismissed the claim on that ground, and claimant excepted, and brought the case here for review. If the judgment of dismissal was right on either of the grounds, it should be sustained; therefore it becomes necessary to consider them all.

The deed when drawn up had the letters J. P. written below the attestation clause, but it was admitted that neither of the attesting witnesses were justices, but the same was admitted to record upon the affidavit annexed to the deed, where the attesting witnesses swore, November 18, 1861, that they saw Fulcher "sign the above deed for the purpose therein named, and they also witnessed the same."

The portions of the deed on which the claimant relied were as follows: "In trust, nevertheless, to and for the benefit of Mary Ann Fulcher and the heirs of her body during the natural life of the party of the first part (Fulcher,) who is to receive ample support with his family, and after his death his wife to enjoy the same with her children during her natural life. If no children by her present husband at her death, in that case the party of the second part (the trustee) is to take one-half of the said bargained property and equally divide the same between the heirs of Thomas Ogg, Henry Smith, and Raymond Hall. The remaining half is to be disposed of as the said Mary Ann Fulcher sees fit to do. Should the said William B. Boyd, of the second part, deem it expedient and advantageous to the party of the first part to make sale of the aforesaid tract of land in Richmond county and put the

amount to interest, or lay the same out in real estate, he is fully authorized, but *the same to continue in possession of the party of the first part, and for their natural support and benefit. But no part or portion of the foregoing to be at the disposal of the aforesaid named Mary Ann Fulcher and the heirs of her body during the life of the said party of the first part.* And the party of the first part, for himself, his executors, administrators and assigns, warrant the aforesaid property to the party of the second part upon the trusts and conditions aforesaid."

1. We cannot see how, on the question made by the demurrer, the record of the deed is important. The demurrer admits it to be a valid deed in respect to its execution, and besides the only defect is about its delivery, and that could be proven *aliunde.* But it is enough that the demurrer admits its proper execution. If it be said that a deed from husband to wife, under section 1778 of the Code, must be recorded in three months to be good against *bona fide* creditors without notice, the answer is that it might be proved on the hearing that this creditor was not *bona fide,* but had actual notice. So we think the court was right in overruling the demurrer on this ground.

2. 3. 4. We do not construe the paper to be a will. We think it passed a present interest to the claimant, giving her an estate for the life of herself and her husband, with the reservation of a support for him during his life; and it being admitted that she never had children, it gives her a remainder in one-half the land, and the trustee a power to divide the other half between certain parties named in the deed. And this view covers both remaining grounds. She had title, and the right to claim the property; and the title being in trust for her benefit, we think, as it came from her husband, it conveyed a separate estate to her free from his marital rights, and therefore, from his debts. Certainly she should have been the claimant. She held the estate, all of it, for life, with remainder contingent upon not having children, to one-half, and with the power in the trustee to dispose of the other half to certain parties. The trustee was dead, and she held these

large interests, and was the proper claimant under the changes made in our law of husband and wife, by the act of 1866.

5. The act of 1853-4, Code, section 2251, saves this deed from being an estate-tail, and makes the interests we have construed it to convey to the several parties; but if it had been an estate-tail, it would have created it in her; for the words, in trust for her benefit, and the appointment and deed to Boyd, the trustee, would have prevented the marital rights of the donor, the husband, from attaching, the deed being made by him.

6. On the trial of this case, so far as we can now forsee it, we think the main question will be as to the notice to this creditor and the failure to record this paper in three months. If he had notice of it, his rights as creditor, appear to us, to be worthless; if he had no notice or knowledge, and credited on the faith of this property, the failure to record the paper in time, will make the claimant's case quite doubtful. The judgment is reversed on the ground that the court erred in dismissing the claim.

Judgment reversed.