## UNION CITY REALTY & TRUST COMPANY *v.* WRIGHT.

1. Where a debtor conveyed, by an instrument in the form of a deed, real and personal property, and included in the conveyance a statement that the grantee agreed to pay a certain debt which the grantor owed, and the grantee received such deed and the property conveyed thereby, and the grantor became insolvent, the holder of a note of the grantor for such debt, or a part thereof, upon its becoming due and remaining unpaid, could file an equitable proceeding, with proper parties, to enforce the payment of such debt by the grantee.

2. A person claiming to be the holder of the note of the grantor for a part of the debt thus agreed to be paid, after bringing an action in which the grantor and the grantee were both made parties defendant, could not, as matter of right, strike the grantor as a defendant and by amendment make him a nominal party plaintiff suing for the use of the original plaintiff.

3. Where a provision of the character indicated in the first headnote was

contained in a deed conveying realty and personalty, and the grantee accepted the deed and received the property conveyed, this made a contract between him and the grantor, binding upon him, although he did not sign the instrument.

4. Where no relief was sought as against the original payee of the note, but an indorsee sought to secure the payment of the debt as that of the maker and to have payment thereof made by a grantee to whom the maker had conveyed his property with an agreement that the grantee should pay the debt, it was not necessary to make the original payee a party.

5. The other grounds of the motion and of the demurrer were without merit.

SEPTEMBER 24, 1912.

Complaint. Before W. C. Wright, judge pro hac vice. Campbell superior court. August 11, 1911.

Mrs. Anna Wright sued the Union City Realty & Trust Company and others. The petition was twice amended. In its final form it alleged in substance as follows: On or about the 12th day of May, 1909, J. H. Harris subscribed for $4,000 of the capital stock of the Union City Brick Company and executed to that company a note for $3,000 "for that portion of his said subscription for said capital stock." About April 15th the payee indorsed the note for value to Mrs. Wright. Subsequently, on May 18th, Harris executed to the Union City Realty & Trust Company a conveyance of property consisting of realty and personalty. In this deed occurred the following: "I also convey my subscription of four thousand ($4,000) dollars of stock in the Union City Brick Company, which the company agrees to pay for according to my contract." The Union City Realty & Trust Company accepted the deed, and went into possession thereunder of the property conveyed. After making the deed Harris became insolvent, and so remained. The Union City Brick Company is insolvent and is in the hands of a receiver. The Union City Realty & Trust Company has failed to pay the note. Judgment is prayed against it for the amount thereof. As the suit was originally brought, Harris was made a party defendant with several others. By one of the amendments all of the defendants were stricken except the Union City Realty & Trust Company, and Harris's name was added as a nominal plaintiff suing for the use of Mrs. Wright. Objection was made to the allowance of the amendments, and a demurrer was filed to the petition as amended. The presiding judge allowed the amendments and overruled the demurrer. The defendant excepted.

*J. F. Golightly*, for plaintiff in error.

*Barry Wright* and *Smith, Hastings & Ransom*, contra.

LUMPKIN, J. 1-2. . The controlling features of this case have recently been the subject of full consideration by this court in *Sheppard* v. *Bridges*, 137 *Ga.* 615 (74 S. E. 245). The decision in that case practically settled two points: (1) Where one person for a valuable consideration agrees with another to pay the debts of the latter, under former decisions of this court this alone does not authorize a creditor of the promisee to bring an action at law against the promisor to recover the debt. (2) Where a debtor conveys his property to another, and as part of the transaction the purchaser agrees to assume and pay the debts of the vendor, a creditor of the latter has a remedy by an equitable proceeding, with proper pleadings and parties. Mrs. Wright could proceed, with proper allegations and parties, to enforce the payment of the amount due on the note. But the question arises whether, without proceeding in this manner, she could by amendment strike Harris, the maker of the note, as a defendant, make him a nominal plaintiff suing for her use, and recover in his name for her benefit against the Union City Realty & Trust Company, the grantee in the deed from Harris. Section 5689 of the Civil Code reads: "When several plaintiffs sue jointly, the declaration may be amended by striking out the name of one or more of such plaintiffs. And when it becomes necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person in his stead, suing for his use." This section was not the result of a legislative enactment, but was a codification of the law as it existed prior to the code. A familiar illustration of its meaning is where one person has a bare legal title to a chose in action, while another is the equitable owner. If the equitable owner sues, he may amend by substituting the name of the legal owner, suing for his use. At common law choses in action, other than negotiable instruments, were not assignable so as to vest the legal title in the assignee and authorize him to bring a suit in his own name thereon, but he could sue in the name of the assignor for his use. This inability of the assignee to sue in his own name has since been removed by statute in this State. Still, if for any reason the complete legal title in a chose in action does not vest in the equitable owner, he may use the name of the holder of the legal title to

assert his rights. *Hayne* v. *Perry,* 25 *Ga.* 400. So it has been held that a plaintiff in ejectment may lay a demise in the name of one under whom he claims title. *Fain* v. *Garthright,* 5 *Ga.* 6. Where suit was brought by the beneficiaries of a trust deed, an amendment was allowed which inserted the name of the trustee as suing for the use of the original plaintiffs. *Adams* v. *Barlow,* 69 *Ga.* 302. In *Calhoun* v. *Tullass,* 35 *Ga.* 119, it was held that the purchaser of notes secured by mortgage could foreclose the mortgage at law by using the name of the mortgagee for his use, even against the consent of the mortgagee, by giving proper indemnity. In *Estes* v. *Thompson,* 90 *Ga.* 698 (17 S. E. 98), it is held that where a person brings suit upon a chose in action, though it be an open account, and he has only the equitable title thereto, he may amend his declaration by adding the name of the person who has the legal title, suing for his use. Many other cases might be cited, but these will suffice as illustrations of the application of the rule. Let us now see whether the present case falls within it. In doing so, it must be borne in mind that in this State the rule adopted in a number of other States, to the effect that the creditor can bring an action at law against the person agreeing with his debtor to pay the debt, is not followed. It must also be remembered that, beginning with the case of *Beall* v. *McGrady,* 32 *Ga.* 257, and continuing to that of *Sheppard* v. *Bridges,* supra, it has been held that the enforcement of the right of the creditor was a matter of equitable cognizance. Unless we repudiate these rulings, it must be held either that the remedy is by equitable proceedings, with proper parties defendant, or that the creditor has the option to bring the suit thus, or to bring it strictly at law by making his debtor a party plaintiff for his use. If there is a complete remedy at law, ordinarily equity will not take jurisdiction, but the whole trend of the discussion in the decisions of this court is that such a case is one for equitable remedy. The case now before us does not rest on an assignment, legal or equitable, of a chose in action. The deed which was made by Harris to the trust company was executed after the transfer of the note to Mrs. Wright. In enforcing against the trust company the collection of the debt claimed to be due to her, two things are necessary to be shown, under the views heretofore expressed by this court: (1) that Harris is indebted to the plaintiff in a certain amount, and (2) such a state of facts as authorizes

the plaintiff equitably to require payment by the trust company of the amount of such debt. Suppose that Harris should deny owing the amount claimed to be due by Mrs. Wright, or should desire to set up payment in whole or in part, or to make any other defense under the first proposition above stated, should he not be made a party defendant, so that this might be done? Can a person claiming to hold an indebtedness against him close his mouth and make him allege solemnly in court by pleading that he owes the amount claimed to be due, by making him a nominal party suing for the use of his alleged creditor? In this case it happens that the alleged debt is evidenced by a promissory note, but it might be by an open account, or a claim of a breach of contract. In *Hawkins* v. *Central of Ga. Ry. Co.*, 119 *Ga.* 159 (46 S. E. 82), one railroad company sold and conveyed its property and franchises to another for a recited consideration paid in bonds, $5 in cash, and "the assumption by the Central Company [the purchaser] of the current liabilities of the Chattanooga Company [the vendor]." One who had received a personal injury by being run over by an engine of the vendor prior to the making of the conveyance brought suit for damages against the vendee. Assuming that the expression "current liabilities" would cover liability for an injury of this character previously inflicted, it was held that no action at law could be brought by the injured party against the purchasing company. It would hardly be contended that the injured person could make the vendor company a nominal party plaintiff for his use, make it allege negligence, injury, liability and the extent thereof, and sue the vendee company for such amount. Certainly the vendor company should be called on as a defendant to say whether it is liable, and not be required, at the behest of the injured party, to allege its own tort. If it should be said that a tort and not a contractual right was the basis of the action, and that the rule might be different for that reason, it would be equally unjust, if the right of action had arisen out of an alleged breach of contract by the vendor company prior to the conveyance, or on an open account claimed by the real plaintiff to be due by such company, to allow him to use the name of the vendor company as a nominal plaintiff, so as to make it confess a debt or its own breach of contract by the allegations of the petition, without being notified or summoned as a defendant and given the opportunity to contest

such debt or liability. We do not understand the rule which authorizes the substitution of the name of a third person, suing for the use of the original plaintiff, where it becomes necessary for the purpose of enforcing the rights of the latter, to extend to the point of allowing the plaintiff, who must establish as a part of his case that another is indebted to him, to escape from so doing by making such other person a party plaintiff, and thus causing him to allege his own indebtedness. His place in the litigation is as a defendant, not as a plaintiff. It would be no answer to this to say that the person thus made a nominal party plaintiff is not the person objecting thereto, but the trust company which contracted with him. It does not appear that he had any notice or knowledge that he was being made a party plaintiff or that he assented thereto. If the original plaintiff, as matter of right, could make him a nominal plaintiff, suing for her use, with or without his consent, as contended, his protest and claim that he should be made a defendant would be of no avail. Moreover, the trust company might well urge that normally the debtor whose debt it agreed to pay should be classified as a defendant with it, if suit was brought by a person claiming to be a creditor, and that such person did not have the right, at her mere volition, to remove such a defendant from the side of his codefendant and make him an ally of the plaintiff.

The question involved in this case is, not whether the debtor himself might bring an action against the trust company agreeing to pay his debt according to its terms, for a breach of contract, but whether a person claiming to be the creditor of such debtor has the right, on motion, to make the alleged debtor a party plaintiff suing for her use. Under the rule authorizing the use by one person of the name of another to enforce the rights of the former, certain equitable rights and interests of the usee may be protected; but this method of suit is not a complete substitute for an equitable proceeding to settle all equities and claims both between the creditor and his debtor and between him and the grantee from the debtor. Under former rulings of this court, the holder of the note can not bring a common-law action against the grantee of her debtor directly on the note, though she may have an equitable cause of action arising out of a conveyance and contract by the alleged debtor. We are aware that there are decisions of other courts not in accord with the decisions of this court. But we

think it best to adhere to the former rulings, and hold that the original plaintiff did not have the right, by amendment, to strike her debtor as a party defendant and make him a nominal party plaintiff suing for her use.

It might be interesting as legal history, but would not be profitable in the decision of this case, to consider the ancient action of account or debt based on the beneficial relation described in the jargon of the time by the term "al oeps," the entrance into the discussion of privity of contract, and of consideration, the effect thereof on the rulings of courts, and the final division among the courts as to the right of a plaintiff in a case like that before us to recover at all against the grantee of his debtor, and, if so, whether it should be by action at law or by equitable proceedings. Neither is it necessary to deal with cases of technical trusts. For practical purposes the discussion in *Sheppard* v. *Bridges,* supra, as to an undertaking by a grantee to pay a debt of the grantor, will suffice.

3. There was no merit in the grounds of the demurrer that the Union City Realty & Trust Company was not shown to have undertaken or assumed to pay the debt, and that the recital in the deed from Harris to it was not a contract which bound it. When it received the deed from Harris containing this covenant, and took possession of the property conveyed, it became bound to him by such covenant. *Kytle* v. *Kytle,* 128 *Ga.* 387 (57 S. E. 748); 2 Devlin on Deeds, § 940a; 7 Am. & Eng. Enc. Law (2d ed.), 142.

The conveyance contained this provision: "I also convey my subscription of four thousand ($4,000) dollars of stock in the Union City Brick Company, which the company agrees to pay for according to my contract." The grantee received the property conveyed. This made an agreement between the parties to the instrument that the company, the grantee, would pay for the stock subscription according to the contract of Harris. The allegations show that a promissory note was given to the brick company by Harris, and was by it indorsed to Mrs. Wright; and this had occurred before the making of the deed. To pay in accordance with the contract included payment in accordance with the note.

4. No judgment was sought against the brick company, and it was not necessary that it should be made a party.

5. The other grounds of demurrer were without merit.

*Judgment reversed.   All the Justices concur.*