## WILLIAMS CO. *v.* AMERICAN TIE & TIMBER CO. *et al.*

1. This case is controlled in principle by the decisions in *Sheppard* v. *Bridges*, 137 *Ga.* 615 (74 S. E. 245), and *Union City Realty & Trust Co.* v. *Wright*, 138 *Ga.* 703 (76 S. E. 35).
2. Where the holder of purchase-money notes given for land brought an equitable proceeding, alleging that the original vendee was insolvent, and seeking to compel payment from two persons to whom such vendee made a conveyance and from a third person to whom they conveyed, it being alleged that in each instance the purchaser assumed and agreed to pay the original purchase-money notes, it was proper to join as defendants the original purchaser and the subsequent purchasers against whom relief was sought.
3. Where it was alleged that the last-mentioned purchaser, which assumed the payment of the original purchase-money debt, had in turn conveyed the land to another company, but there was no allegation that such company assumed or agreed to pay the indebtedness, or that there was any fraud or liability on its part, the petition was not demurrable because it was not joined as a party defendant.

    NOVEMBER 20, 1912. REHEARING DENIED DECEMBER 13, 1912.

Equitable petition. Before Judge Thomas. Glynn superior court. January 1, 1912.

*Brantley & Butts,* for plaintiff.

*Bennet, Twitty & Reese,* for defendants.

LUMPKIN, J. 1. The equitable petition of the plaintiff was dismissed on demurrer. The principles involved in this case are sufficiently discussed in *Sheppard* v. *Bridges, 137 Ga.* 615 (74 S. E. 245), and *Union City Realty & Trust Co.* v. *Wright, 138 Ga.* 703 (76 S. E. 35). It is needless to rediscuss them. The question is whether the rulings there made apply to the present case, as it appears from the allegations of the petition. It was alleged in substance as follows: An owner of land sold it to a company, receiving a part of the purchase-money in cash, and notes for the balance (two being negotiable and one non-negotiable). The two negotiable notes were transferred for value to the plaintiff. The company conveyed the land to two individuals, who were its officers and actively engaged in its management, the purported consideration being $9,305.15. The grantees made to the company a mortgage, reciting that only $2,724.50 was actually paid, and that the balance was represented by promissory notes (which were described as being in amounts which bore some approximation to the notes given by the company to its vendor, but were not identical therewith). In fact these grantees made no notes at all, and the

agreement was that they should pay the unpaid purchase-money due by the company. Later they sold the land at a large profit; and in the conveyance recited, that there was due on the original purchase-money notes about $6,000, that the payment of this was secured by the mortgage given to the company by the purchasers from it, "the said promissory notes and the said mortgage deed representing and referring to the same original purchase-money indebtedness," and it was provided that the payment of such unpaid purchase-money was assumed and should be paid by the last purchaser. This purchaser has sold the land to another at a profit. The original purchasing company is insolvent, and has gone out of business. The holder of two of the original purchase-money notes brought this equitable proceeding to enforce payment. The case made by the allegations of the plaintiff and the documents set out falls within the decisions above cited.

2. The object being to enforce payment of the purchase-money notes from persons who obtained a conveyance from the original purchaser, with an assumption of and agreement to pay the debt, it was proper to join as parties defendant the original purchaser, alleged to be insolvent, and the subsequent purchasers against whom equitable relief was sought.

3. It was alleged that the last-mentioned purchaser, which had assumed the payment of the purchase-money, conveyed to still another company; but there was no allegation of any assumption of the debt by the last purchaser, or of any fraud or notice thereof on its part; nor was there any effort to hold it liable. It was therefore not a necessary party, and the petition was not demurrable for non-joinder because it was not made a party.

It was error to sustain the demurrer and dismiss the petition.

*Judgment reversed. All the Justices concur.*