### MORGAN *v.* ARGARD *et al.*

Where a vendor executed and delivered his bond conditioned to make to his vendee a good and sufficient title to certain land upon the payment of the balance of the purchase-money, and the vendee for a valuable consideration transferred the bond, together with his interest in the land, to a third person who assumed and agreed to pay the balance of the purchase-money, the vendor, not being a party to the contract, can not in an action at law enforce the promise of the third person. Nevertheless, in such a case, the vendor may maintain an equitable action against the vendee and his transferee, in the county of the latter's residence, to recover a judgment for the balance of the purchase-money, with a special lien upon the land. A court of equity, in order to grant full and adequate relief, having before it as parties the three persons referred to, may adjust in one suit the rights of all of them. The ruling in *Baker* v. *City National Bank*, 94 *Ga.* 87 (2), 88 (21 S. E. 159) considered and distinguished.

No. 570. MAY 16, 1918.

Equitable petition. Before Judge Pendleton. Fulton superior court. June 20, 1917.

*Green, Tilson & McKinney* and *R. J. Ward*, for plaintiff.

*W. O. Wilson*, for defendants.

GEORGE, J. D. W. Morgan, the owner of certain land situate in the county of DeKalb, contracted to sell the said land to J. H. Barfield, a resident of DeKalb county. He executed and delivered to Barfield his bond for title, conditioned to convey the land to Barfield upon the payment of the balance of the purchase-money evidenced by certain notes signed by Barfield and fully described in the bond for title. Thereafter J. H. Barfield for a valuable consideration transferred the bond for title and his equity in the land described therein to George E. Argard of Fulton county, "the said George E. Argard assuming the balance due on said property as specified in this bond for title." Morgan was not a party to the contract. Default having been made in the payment of the purchase-money notes, Morgan filed his suit in equity in Fulton superior court against Argard and Barfield, alleging the foregoing facts so far as material to this inquiry. He prayed for a judgment against each of the defendants for the balance of the purchase-money due, for a special lien upon the land described in the bond for title, and for general relief. The defendants demurred to the petition, upon the ground that the same set forth no cause of action; that the superior court of Fulton county had no jurisdiction of the case as against the defendant Barfield, the maker of the notes, he being a resident of DeKalb county, and that there was no privity of contract between the defendant Argard and the plaintiff. The court sustained the demurrer as to the defendant Barfield and dismissed the petition as to him. The demurrer was overruled as to the defendant Argard, and he has no exception here. The plaintiff excepted to the judgment dismissing his petition as to the defendant Barfield. There were additional grounds of demurrer, special in nature; but inasmuch as the court did not deal with these, we will not consider them.

In the foregoing circumstances practically all of the American courts permit a suit at law or in equity by the vendor against the maker of the purchase-money notes and his vendee, either (1) upon the broad ground that if one person makes a promise upon a valuable consideration to another for the benefit of a third person,

the third person may maintain an action on the promise; or (2) upon the theory of equitable subrogation, by which a creditor is entitled to all the collateral securities which his debtor has obtained to reinforce the primary obligation. 1 Wiltsie on Mortgage Foreclosure (3d ed.), §§ 238, 246, and cases there cited. In some of the cases the two doctrines are confused, while in others the right to maintain the suit is based upon the doctrines of trust relationship, agency, and privity of contract by substitution. See note to Baxter v. Camp, 71 Am. St. R. 169, 175 et seq. In this State we recognize the English rule; and as a general rule the action on a contract must be brought in the name of the party in whom the legal interest in such contract is vested. Civil Code, § 5516; *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245). But where a debtor has conveyed his property to another and as a part of the transaction the purchaser has agreed to assume and pay the debts of the vendor, a creditor of the latter has a remedy in equity, with proper pleadings and parties. This principle is fully established by the decisions of this court. *Bell* v. *McGrady,* 32 *Ga.* 257; *Dallas* v. *Heard,* 32 *Ga.* 604; *Sheppard* v. *Bridges,* supra; *Union City Realty &c. Co.* v. *Wright,* 138 *Ga.* 703 (76 S. E. 35) ; *Williams* v. *American Tie &c. Co.,* 139 *Ga.* 87 (76 S. E. 675) ; *Grooms* v. *Grooms,* 141 *Ga.* 478 (81 S. E. 210); *L. & N. R. Co.* v. *Nelson,* 145 *Ga.* 594 (89 S. E. 693). So far as we are aware, all our decisions proceed upon the basis that the purchaser of property, by virtue of his agreement with his vendor, occupied the position of a trustee to pay the debts of the vendor, and that it was proper for the creditor of the vendor to go into equity to enforce this agreement. In his concurring opinion in *L. & N. R. Co.* v. *Nelson,* supra, Lumpkin, J., said that he was "not prepared to concur in what is said as to the application of the decisions in *Sheppard* v. *Bridges* [supra] and like cases." In 2 Jones on Mortgages (7th ed.), § 761c, it is said: "In several States the doctrine of the United States courts is adopted, and the mortgagee is allowed a remedy in equity against the grantee who has assumed the payment of the mortgage. This seems to be the rule in California, District of Columbia, Georgia, Maine, Michigan, New Jersey, North Carolina, North Dakota, Vermont, Virginia, and Washington." According to this author, Massachusetts alone of the American States denies to the mortgagee, either at law or in equity, the

right to maintain an action in his name upon the agreement of the grantee of the mortgagor to assume and pay the mortgage debt. To sustain the statement that Georgia allows a remedy in equity against such grantee, the author cites the following cases: *Spears v. Scott,* 111 *Ga.* 745 (36 S. E. 950) ; *Austell v. Humphries,* 99 *Ga.* 408 (27 S. E. 736) ; *Empire State Insurance Co. v. Collins,* 54 *Ga.* 376; *Ford v. Finney,* 35 *Ga.* 258; *Dallas v. Heard, Bell v. McGrady,* supra. In *Union City Realty & Trust Co. v. Wright,* supra, it was held: "Where a debtor conveyed, by an instrument, in the form of a deed, real and personal property, and included in the conveyance a statement that the grantee agreed to pay a certain debt which the grantor owed, and the grantee received such deed and the property conveyed thereby, and the grantor became insolvent, the holder of a note of the grantor for such debt, or a part thereof, upon its becoming due and remaining unpaid, could file an equitable proceeding, with proper parties, to enforce the payment of such debt by the grantee." Do the facts in the present case bring it within the principle announced in *Sheppard v. Bridges,* supra, and the like Georgia cases? In consideration of a cash payment and the promise to pay the balance of the purchase-money evidenced by the notes, Barfield obtained an equitable title to plaintiff's land, with the right to possess the land. For a valuable consideration Barfield transferred his equity in the land to Argard, who expressly agreed with Barfield to pay the balance of the purchase-money represented by the notes. Argard thereby obtained possession of the land coupled with an equitable interest therein. It is true that Barfield is not alleged to be insolvent, nor is it charged that any waste is being committed upon the land. The balance of the purchase-money is due, according to the terms of the contract; and the plaintiff, holding the legal title as security for his debt, has elected to sue for the purchase-money. The bond for title executed by him and attached to his petition as an exhibit is, by its terms, assignable, and by his suit for the purchase-money he recognizes the right of Argard to pay the purchase-money and obtain title to the land. By the suit he confirms the transaction with Argard. Argard has not received absolute title to the property out of which the plaintiff is entitled to have his debt paid, as in the case of *Sheppard v. Bridges,* supra, and the like cases, but he has obtained valuable rights in the

property by virtue of the transfer of the bond to him upon his express agreement to pay the purchase-money. We do not think it requires an extension of the doctrine announced in *Sheppard* v. *Bridges,* supra, and the like cases, to hold Argard liable in equity to the plaintiff. It is true that Argard can not be held liable in an action at law, under the rule obtaining in this State; but we think it clear that he is liable in equity. That Barfield is liable upon his contract is not questioned. The plaintiff does not need the aid of a court of equity in order to assert his claim against Barfield. But if Argard may be held liable in an equitable-suit, we see no reason why equity will not also grant relief against Barfield in the same action. It requires no argument to demonstrate that a suit in equity against both of the defendants is necessary in order to fully and completely settle the rights of the parties. Perhaps Barfield is not only a proper but a necessary party to the suit. If there is a cause of action against Argard, then the suit is properly brought so far as he is concerned, because he is a resident of the county in which the suit was filed, and substantial equitable relief is prayed against him. Civil Code, § 6540. The common-law remedies available in this case are not adequate. If adequate, a multiplicity of suits can only be avoided by a resort to equity. See *S. A. L. Ry.* v. *Ocilla So. R. Co.,* 143 *Ga.* 407 (85 S. E. 91).

The defendant in error relies upon the decision in *Baker* v. *City National Bank,* 94 *Ga.* 87 (21 S. E. 159). The second head-note in that case is as follows: "One who, upon the purchase of mortgaged property, contracts with the mortgagor to pay the mortgage debt, the mortgagee not being a party to the agreement, can not be treated by the mortgagee as a joint promissor with the mortgagor so as to render both of them subject to suit in the same action, legal or equitable, in the county of the mortgagor's residence, the purchaser being a resident of another county." That was a suit in equity; but it was not a proceeding to enforce the lien of a mortgage, but to recover a general judgment against the mortgagor and his vendee, founded upon an alleged promise made to the mortgagor to pay the debt. In the present case the primary object of the suit is to have a special lien declared upon the land, binding upon both the vendee and his transferee, and the land sold to satisfy the judgment. In the *Baker* case the mortgagee

was not a party to the contract between the mortgagor and the purchaser of the mortgaged property. He therefore could not sue the purchaser in an action at law. The suit was filed in the county of the mortgagor's residence. No substantial equitable relief was prayed against the mortgagor. His liability arose upon contract. The purchaser was not a joint promissor with the mortgagor; and it was therefore ruled that the court in that suit had no jurisdiction of the purchaser, he being a resident of another county. It was not decided in the *Baker* case that the purchaser from the mortgagor was not liable to the mortgagee in an equitable action properly brought. If we have correctly ruled in the present case that the transferee, Argard, is liable in equity for the purchase-money due the plaintiff, the suit was brought in the proper jurisdiction; and there being a common nexus between the transferee and his vendor, Barfield, the latter was properly joined as a party defendant. The court therefore erred in sustaining the demurrer and dismissing the petition as to him. .

*Judgment reversed. All the Justices concur, except Fish, J. C., absent.*