## WHITEHURST *v.* HOLLY.

1. A defendant on whom the judgment fixed a liability, and who would have been relieved of liability if the judgment had been as the plaintiff contends it should have been, is not a necessary defendant in error.
2. Where evidence as to delivery and acceptance of a deed was material and in conflict, it was error to direct the verdict.

No. 5163. June 18, 1926.

Equitable petition. Before Judge Yeomans. Early superior court. October 17, 1925.

Whitehurst filed an equitable petition against George and Holly, alleging that he held George's note for $700, which was past due, and also held a deed made to him by George to secure this note, the security deed conveying a certain tract of fifty acres of land; that subsequently to the execution of the note and security deed George conveyed his land, including the land described in the security deed from George to Whitehurst, together with certain personal property, to Holly by a deed; that the consideration of this deed was $8,500, and it contained the following stipulation: "The above property is subject to mortgage in favor of Charles Forman for about $500; also one mortgage to J. H. Whitehurst for about $700; also fi. fa. in favor of Armour Fertilizer Works for about $250; also crop mortgage in favor of Charles Forman for about $600, and another crop mortgage in favor of the Citizens Bank of Blakely for about $200; all of which grantee herein assumes and agrees to pay; said land is also subject to a mortgage to grantee for $400; all of which indebtedness is a part of the consideration herein above expressed." The petition alleged, that, upon this deed being made by George, it was delivered by him to

Holly; that Holly accepted it, filed it for record, and took possession of the property described in it; that George was insolvent; that Holly failed to pay petitioner's debt, and also failed to pay the secured debt to Forman described in the deed, but on the contrary allowed the debts to Forman to continue due and Forman to advertise and sell the land under a power of sale contained in his deed, said land being sold at public outcry to one Watson. The land described in petitioner's security deed was embraced in the land described in Forman's security deed under which such sale was made. Plaintiff prayed that it be decreed that a stated amount was due him upon his note; that it be decreed and adjudged that Holly had assumed the payment of such debt and was liable to petitioner therefor; that petitioner have judgment against Holly for said debt; and that process issue directed to both George and Holly. No relief whatever was prayed against George.

Upon the trial of the case, after both sides had introduced evidence and announced closed, the court directed a verdict for the defendant Holly, and in favor of petitioner as against George, and a judgment was duly entered thereon by Holly's attorney. The plaintiff made a motion for new trial, which was overruled, and he excepted.

*A. H. Gray* and *Lowrey Stone,* for plaintiff.

*C. L. Glessner,* for defendant.

Beck, P. J. 1. The motion to dismiss the writ of error is without merit. It is based upon the ground that no service of the bill of exceptions upon J. D. George is shown to have been made, and that George is a necessary party defendant to the writ of error. George is not a necessary party. In section 6176 of the Civil Code it is provided that "When the record shows clearly who were the parties to the litigation in the court below, and the bill of exceptions shows that all who were interested in sustaining the judgment of the court below have been served, the writ of error shall not be dismissed because the bill of exceptions sets forth the parties differently from the record, or discloses that some party not interested in sustaining the judgment of the court below has not been served." In no view of the case was George interested in sustaining this judgment. It fixed a liability upon him, when, if the judgment had been as the plaintiff insists it

should have been, George would have been relieved of liability, and it would have been fixed upon Holly.

2. George executed a deed conveying certain lands to Holly for a valuable consideration; and the deed contained the stipulation, after reciting the existence of certain liens upon the land in favor of other parties, among them a mortgage to the plaintiff in this case, that "the grantee herein assumes and agrees to pay" the debts secured by the liens and mortgages before recited. Holly in his answer denied that the deed was delivered to him and accepted by him. The evidence as to the deliverance and acceptance of the deed was conflicting. If the grantee did accept it, he was liable under the clause which we have quoted above, as to the payment of the debts specified. *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245); *Union City Realty &c. Co.* v. *Wright,* 138 *Ga.* 703 (76 S. E. 35); *Williams* v. *American Tie &c. Co.,* 139 *Ga.* 87 (76 S. E. 675). The conflict in the evidence made a question for the jury, and the court erred in directing a verdict for Holly and against George, and in overruling the motion for a new trial, in which error is assigned upon the judgment of the court directing this verdict.

> *Judgment reversed. All the Justices concur.*