O'LEARY *v.* COSTELLO *et al.*

No. 7165.   January 16, 1930.

*Bouhan & Atkinson,* for plaintiff in error.

*Oliver & Oliver* and *McIntire, Walsh & Bernstein,* contra.

Beck, P. J.   Mrs. Esther Marcus and others brought suit against Jim Costello and others on a promissory note for the sum of $4,626.66, with interest.   This note had been given for the purchase-money for certain described lots of land, and was secured by a deed to the property given for that purpose.   The petition also seeks equitable relief, to set aside certain deeds and transfers of property on the ground that they were voluntary conveyances fraudulently made by two of the defendants for the purpose of hindering and delaying creditors.   The prayers were for judgment against the defendants, for cancellation of the transfers, and for injunction.

The defendants answered, admitting the petition in part, but denying the indebtedness; and alleged that the note sued on was not a debt which should be paid by the defendants, for the reason that it was given as a part of the purchase-price of certain lots of land, numbered 42 to 50 consecutively, described by reference to a map, etc.; that the note sued upon was secured "by a third deed to secure debt upon said property;" that the defendants sold and conveyed these lots of land to George Montgomery; and that as a part of the consideration for the property Montgomery assumed the indebtedness evidenced by the note sued on and secured by the third deed referred to.   The deed to Montgomery contains this clause:   "It is understood that a part of the consideration of this deed is the assumption by the said party of the second part of an indebtedness of $15,626.66, being the balance of loan made on said property and secured by deeds recorded in said clerk's office, Book 16 U's, folio 290, 20 U's, folio 354, and 21 R's, 72."   It is distinctly alleged that Montgomery assumed the indebtedness represented by the note sued on; that subsequently Montgomery by his warranty deed conveyed to Michael J. O'Leary the property in

question, and O'Leary by said deed, as a part of the consideration, expressly assumed the indebtedness evidenced by the note sued on, secured by the above-mentiond third deed to secure debt; and the defendants "show that the indebtedness alleged to be due and owing by them is not their debt, but is a debt expressly assumed, first, by the said George Montgomery, and, secondly, by the said Michael J. O'Leary, all with the full knowledge and consent of the plaintiffs." There are also allegations of conveyances made by Michael J. O'Leary to other parties, a cancellation of some of which is sought. The answer prays that Montgomery and O'Leary be made parties defendant, to avoid a multiplicity of suits; and that judgment be rendered against O'Leary and Montgomery for the entire amount sued for in this case. Montgomery and O'Leary were made parties over objection and demurrer of O'Leary, and he excepted.

The controlling question in this case is whether or not, upon the prayer of the defendants in the original suit, O'Leary could be made a party defendant, over the objection and the general demurrer to the answer, set forth in several forms but in substance that there is no such relationship between O'Leary and the plaintiffs and between O'Leary and the defendants as would authorize an order by the court making him a party to the suit. The court properly overruled the objection. The makers of the note sued upon were purchasers of certain real estate from the plaintiffs. In one paragraph of the defendants' plea they deny the indebtedness; they do not deny the execution of the note. They say, as a reason why they claim that they are not indebted to the plaintiffs, that the indebtedness was assumed by a party to whom they had sold and conveyed the property, and by the vendee of the latter. There can be no question, under decisions rendered by this court, that the use of the expression, "The party of the second part assumes the indebtedness" evidenced by a note given for the purchase-price of property, in a deed executed by the first vendee of land to subsequent purchasers, creates such a relationship between the last vendee and the original vendor, the payee in the note given for the purchase-money of such property, as would authorize a suit, if not at law, certainly in equity by the original vendor against the subsequent vendees of the property, who took the deed containing the clause just referred to. In the present case, however, the

• original vendor who brought suit upon the note executed by their immediate vendee is not asking that the last vendees be made parties defendant. The prayer that these subsequent vendees be made parties is contained in the answer of the original defendants, the first purchasers, which answer is somewhat in the nature of an equitable petition; and the question is, can the last vendees be made parties defendant at the suit of the original defendants? We think they can. As said above, certainly the plaintiffs in the action, the original vendors, could have made these last vendees parties defendant. In the case of *Morgan* v. *Argard,* 148 *Ga.* 123 (95 S. E. 986), it was said: · "In the foregoing circumstances practically all of the American courts permit a suit at law or in equity by the vendor against the maker of the purchase-money notes and his vendee, either (1) upon the broad ground that if one person makes a promise upon a valuable consideration to another for the benefit of a third person, the third person may maintain an action on the promise; or (2) upon the theory of equitable subrogation, by which a creditor is entitled to all the collateral securities which his debtor has obtained to reinforce the primary obligation. 1 Wiltsie on Mortgage Foreclosure (3d ed.), §§ 238, 246, and cases there cited. In some of the cases the two doctrines are confused, while in others the right to maintain the suit is based upon the doctrines of trust relationship, agency, and privity of contract by substitution. See note to Baxter *v.* Camp, 71 Am. St. R. 169, 175 et seq. In this State we recognize the English rule; and as a general rule the action on a contract must be brought in the name of the party in whom the legal interest in such contract is vested. Civil Code, § 5516; *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245). But where a debtor has conveyed his property to another and as a part of the transaction the purchaser has agreed to assume and pay the debts of the vendor, a creditor of the latter has a remedy in equity, with proper pleadings and parties. This principle is fully established by the decisions of this court. *Bell* v. *McGrady,* 32 *Ga.* 257; *Dallas* v. *Heard,* 32 *Ga.* 604; *Sheppard* v. *Bridges,* supra; *Union City Realty &c. Co.* v. *Wright,* 138 *Ga.* 703 (76 S. E. 35); *Williams* v. *American Tie &c. Co.,* 139 *Ga.* 87 (76 S. E. 675); *Grooms* v. *Grooms,* 141 *Ga.* 594 (89 S. E. 693). So far as we are aware, all our decisions proceed upon the basis that the purchaser of property, by virtue of his agreement with his vendor, occupied the

position of a trustee to pay the debts of the vendor, and that it was proper for the creditor of the vendor to go into equity to enforce this agreement." That case and the cases there cited undoubtedly answer any objection that might have been raised to an order making O'Leary a party in this case, if the prayer that he be made a party had been contained in the original petition. And if O'Leary might be made a party at the suit of the plaintiffs, we think that he could also be made a party upon the prayer of the defendants, the original vendees, who had conveyed to Montgomery, who assumed the indebtedness, and by whom a deed had been executed conveying the property to O'Leary, where both of these successive vendees, Montgomery and O'Leary, assumed the indebtedness of the defendants in the original suit to the plaintiffs therein. See Civil Code, §§ 5410, 5411, 5412, relating to equitable relief for defendants and § 5547, relating to cross-bills. By making Montgomery and O'Leary parties to this action a complete remedy is afforded to the defendants, and a multiplicity of suits is avoided. Why should Costello and the other defendants in the original suit first suffer a judgment to go against them and then be compelled to sue Montgomery, and if Montgomery is insolvent, then sue O'Leary, when in one suit a judgment can be rendered which will adjust the rights and liabilities of all the parties? The court below took the proper view of the controlling question at issue; and in view of what we have said, the judgment is

*Affirmed. All the Justices concur.*