## 19961.  HILLHOUSE v. McWHORTER.

JENKINS, P. J.  Hillhouse procured a loan on realty, and sold the land subject to the lien created to secure the loan. Mrs. Short acquired title to the property, subject to this lien, and sold certain other property to McWhorter, with the understanding and agreement that he was to apply $1900 of the purchase-money in satisfaction of the loan. Subsequently McWhorter took a transfer of the note and security given by Hillhouse for the loan and sued him in the city court of Sylvester, seeking a general judgment for the full amount of the loan, and a special lien on the property securing the same. Hillhouse set up the facts recited above and claimed that he was entitled to a credit of $1900 on the loan, in consideration of Mrs. Short's having already extinguished the indebtedness to that extent by her payment for that purpose to McWhorter. The court struck the plea, and directed a verdict for the full amount sued for, to which action of the court the defendant excepts. *Held:*

1. Where a suit is brought in a city court on a contract, the defendant, even without alleging insolvency or nonresidence on the part of the

plaintiff, is entitled to invoke equitable principles, so long as the plea is purely defensive in its nature and does not amount to setting up counter-obligations extending over and above the amount sued for under the contract. *Porter* v. *Davey Tree-Expert Co.*, 34 *Ga. App.* 355, 357 (129 S. E. 557). Accordingly, there was no reason why the defendant could not maintain a plea of a purely defensive nature, such as was entered in the instant case in the city court of Sylvester.

2. While it is the general rule that an action on a contract must be brought in the name of the party in whom the legal interest in the contract is vested (Civil Code of 1910, § 5516), and while it has been held that where one person, for a valuable consideration, agrees with another to pay the debts of the latter, this alone does not authorize a creditor for whose benefit the agreement was made to bring a suit at law against the promisor (*Sheppard* v. *Bridges*, 137 *Ga.* 615 (1) (74 S. E. 245); *Morgan* v. *Argard*, 148 *Ga.* 123 (95 S. E. 986); *Ross* v. *Glover-Ball Co.*, 156 *Ga.* 109 (1) (118 S. E. 691)), the principles just stated do not apply in the instant case, in which the defendant is not seeking to compel the plaintiff to perform a contract made with another person for the defendant's benefit, but where the purpose and effect of the plea are merely to require the plaintiff to account for the payment already made to him by that person for the joint benefit of that person and the defendant. In such a case the plaintiff could not be allowed to hold the fund received by him for such purpose, and at the same time procure judgment against the defendant in the amount represented by the payment already actually received. In other words, the payment actually made for a specific purpose, and so accepted, binds the person receiving it, no matter by whom paid. *Tarver* v. *Rankin*, 3 *Ga.* 210, 214. Accordingly, the defendant should have been allowed to prove the facts set up by his plea, and on his doing so, would have been entitled to the credit claimed.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided April 21, 1930.

*Perry & Tipton, R. S. Foy,* for plaintiff in error.
*Pottle & Cobb, Passmore, Forehand & Ford,* contra.