*R. W. Smith Jr.,* for plaintiff in error.
*Wheeler & Kenyon,* contra.

### SMITH *v.* KINGSLEY.

GILBERT, J. 1. Where a debtor by deed conveyed real property, and included in the conveyance a statement that the grantee agreed to pay a certain debt which the grantor owed, and the grantee received such deed and the property conveyed thereby, the holder of the note evidencing the described debt of the grantor, upon the debt becoming due and remaining unpaid, could maintain an equitable proceeding against the last named grantee, to enforce the payment of such debt.

2. "Where a provision of the character indicated in the first headnote was contained in a deed conveying realty, . . and the grantee accepted the deed and received the property conveyed, this made a contract between him and the grantor, binding upon him, though he did not sign the instrument." *Union City Realty Co.* v. *Wright,* 138 *Ga.* 703 (3), 709 (76 S. E. 35) ; *Williams Co.* v. *American Tie & Timber Co.,* 139 *Ga.* 87 (76 S. E. 675) ; *Morgan* v. *Argard,* 148 *Ga.* 123 (95 S. E. 986) ; *O'Leary* v. *Costello,* 169 *Ga.* 754 (151 S. E. 487).

3. The petition was not subject to demurrer on the ground that it was not alleged that the first grantee, Ponder, was insolvent. The obligation of the defendant Smith to pay the debt rendered him liable in an equitable suit to the holder of the note. Smith's liability is not dependent upon the insolvency of Ponder. In authorities cited by plaintiff in error the allegations of insolvency on the part of the grantor of the debtor sued were not necessary, where the facts were essentially the same as in this case.

682

4. The court did not err in allowing the amendment to the petition.

*Judgment affirmed. All the Justices concur.*

No. 10030.   MARCH 14, 1934.

*Dorsey, Shelton & Pharr,* for plaintiff in error.
*Alston, Alston, Foster & Moise,* contra.