## FEDERAL LAND BANK OF COLUMBIA *v.* PASCHALL.

No. 10203. FEBRUARY 12, 1935. ADHERED TO FEBRUARY 28, 1935.

*Harry D. Reed, Y. A. Henderson, R. M. Sasnett Jr.,* and *T. R. Burnside,* for plaintiff.

*J. H. Paschall* and *J. M. Lang,* for defendant.

ATKINSON, Justice. In 1933 an action was instituted by the Federal Land Bank of Columbia against H. and P. It is alleged in the petition that the defendants are indebted in a stated amount

to petitioner as payee and present holder of a promissory note for the principal sum of $3000, executed by H. in 1922, for which amount it seeks a general judgment against both defendants; also that P. assumed the terms of the note and agreed to pay the indebtedness evidenced thereby, in virtue of "an assumption clause contained in a certain warranty deed from" H. to P., recorded in "Book 1, page 33" of the office of the clerk of the superior court. A copy of the deed was attached as an exhibit and as a part of the petition. The attached copy showed that the deed was dated "———— day of May," 1924, but did not show any certificate of filing or record. It purported to bear the signature of H. under seal, contained the usual attesting clause "signed, sealed, and delivered," and to be duly attested by two witnesses, one of whom was an officer authorized by law to attest deeds. The "assumption clause" stated: "This deed is made subject to a loan deed heretofore made to Federal Land Bank of Columbia, recorded in book 1 of deeds, page 43, records of office of clerk of Gordon superior court, securing loan of $3000; and also subject to loan deed W. A. Reed securing loan of $2686.54, and recorded in book of deeds No. 2, page 122, records of clerk Gordon superior court, both of which said debts are assumed by party of second part." A general demurrer interposed by P. was sustained, and the petitioner excepted. In the bill of exceptions he did not make H. a party.

Though interested in reversing the judgment, H. was not interested in sustaining it. Consequently the bill of exceptions will not be dismissed on motion of P., on the ground that H. was not made a party. Code of 1910, § 6176; Code of 1933, § 6-1202.

It has been held: "Where a debtor conveyed, by an instrument in the form of a deed, real and personal property, and included in the conveyance a statement that the grantee agreed to pay a certain debt which the grantor owed, and the grantee received such deed and the property conveyed thereby, and the grantor became insolvent, the holder of a note of the grantor for such debt, or a part thereof, upon its becoming due and remaining unpaid, could file an equitable proceeding, with proper parties, to enforce the payment of such debt by the grantee. . . Where a provision of the character indicated . . was contained in a deed conveying realty and personalty, and the grantee accepted the deed and received the property conveyed, this made a contract between him.

and the grantor, binding upon him, although he did not sign the instrument." *Union City Realty & Trust Co.* v. *Wright,* 138 *Ga.* 703 (76 S. E. 35). See *Louisville & Nashville Railroad Co.* v. *Nelson,* 145 *Ga.* 594 (89 S. E. 693) ; *Morgan* v. *Argard,* 148 *Ga.* 123 (95 S. E. 986) ; *Whitehurst* v. *Holly,* 162 *Ga.* 323 (133 S. E. 861) ; *Williams Co.* v. *American Tie & Timber Co.,* 139 *Ga.* 87 (76 S. E. 675) ; *Reid* v. *Whisenant,* 161 *Ga.* 503 (131 S. E. 904, 44 A. L. R. 599) ; *Dunson* v. *Lewis,* 156 *Ga.* 692 (119 S. E. 846) ; *National Mortgage Corporation* v. *Bullard,* 178 *Ga.* 451 (173 S. E. 401). The question in the instant case having arisen on demurrer, the allegations of the petition must be taken most strongly against the petitioner. There is no allegation that P. actually accepted the deed or the property which it purported to convey. Unless there was acceptance of the deed by him, the clause in question would not show his assent to its terms, and if he did not receive the property there would be no consideration to support the stated covenant. If there was such acceptance of the deed and property, it was an essential part of the plaintiff's case to allege those facts. Presumptive evidence of delivery from record of the deed (*Challahoochee Fertilizer Co.* v. *Quinn,* 169 *Ga.* 801, 151 S. E. 496; *Henderson* v. *Kemp,* 155 *Ga.* 489, 117 S. E. 244) would not dispense with the necessity of alleging acceptance of the deed and property by the grantee as prerequisite to bind him to the performance of a covenant in the deed which he did not sign. The petition by its allegations does not meet the requirements of the principle stated above. The judge did not err in sustaining the general demurrer to the petition.         *Judgment affirmed. All the Justices concur.*

On rehearing the former judgment is adhered to.

*All the Justices concur, except Gilbert and Bell, JJ., who dissent.*