INTERSTATE INVESTMENT COMPANY *v.* McCULLOUGH
*et al.*

No. 12754.   JUNE 14, 1939.

*J. D. Tindall, J. F. Kemp,* and *Clint W. Hager,* for plaintiff.
*F. M. Bird,* for defendants.

GRICE, Justice. The case at bar is weaker for the plaintiff than that of *Federal Land Bank of Columbia* v. *Paschall,* 180 *Ga.* 224 (178 S. E. 659), wherein it was held that the judge did not err in sustaining a general demurrer to the petition. In that case, although it was alleged that the conveyance was recorded, still this court held, two Justices dissenting, that since the petition failed to allege that Paschall accepted the conveyance and received the realty so conveyed, it failed to state a cause of action. The ruling in that case was adhered to on motion for rehearing. In the opinion it was said: "There is no allegation that P. actually accepted the deed or the property which it purported to convey. Unless there was acceptance of the deed by him, the clause in question would not show his assent to its terms, and if he did not receive the property there would be no consideration to support the stated covenant. If there was such acceptance of the deed and property, it was an essential part of the plaintiff's case to allege those facts. Presumptive evidence of delivery from record of the deed (*Chattahoochee Fertilizer Co.* v. *Quinn,* 169 *Ga.* 801, 151 S. E. 496; *Henderson* v. *Kemp,* 155 *Ga.* 489, 117 S. E. 244) would not dispense with the necessity of alleging acceptance of the deed and property by the grantee as prerequisite to bind him to the performance of a covenant in the deed which he did not sign." In the instant case there is no allegation that McCullough, the grantee, ever accepted the conveyance, or received the realty so conveyed, or even that the deed was ever recorded. It is sought to hold McCullough liable because of a covenant of assumption which was placed in a deed in which he was named grantee,—that is all. Ordinarily one man can not be made to pay the debt of another, unless he in writing obligated himself so to do. The plaintiff produces no writing signed by McCullough in which he assumed the payment of the debt referred to in the petition. The petition merely states that certain named persons "conveyed said property by deed to the de-

fendant, John M. McCullough, wherein this defendant assumed and agreed to pay the obligation," etc. A copy of an unrecorded deed is attached, purporting to put the title into McCullough, and containing a recital that McCullough assumes and agrees to pay a certain debt due by grantors, referred to in the petition. This assumption agreement is signed, not by McCullough, but by the grantors.

We are clear that in the absence of an allegation that McCullough received the realty so conveyed, or accepted this unrecorded conveyance, the judge was correct in sustaining a general demurrer to the petition. While the word "conveyed" might in a technical sense include delivery and acceptance, yet in a popular sense it might have a different meaning (cf. *Buffington* v. *Thompson*, 98 *Ga.* 416, 25 S. E. 516), and therefore the language used was susceptible of a double construction. The question here turns on construction of the petition, which must be construed most strongly against the pleader when it is being considered on general demurrer. The plaintiff is seeking to bind the defendant to a contract, when the defendant could not be so bound unless the deed was accepted by him. It would have been an easy matter for the plaintiff to allege an acceptance, and its failure to allege it must be taken to mean that none such existed, especially in view of the absence of any allegation whatever to the effect that the defendant entered possession under the deed, and also in view of the rule as plainly laid down and published in *Federal Land Bank of Columbia* v. *Paschall*, 180 *Ga.* 224 (supra). See also *Union City Realty & Trust Co.* v. *Wright*, 138 *Ga.* 703 (76 S. E. 35). In *Morgan* v. *Argard*, 148 *Ga.* 123 (95 S. E. 986), cited by the plaintiff, the second sentence in the opinion contains the statement that the instrument there relied on containing the covenant of assumption was delivered to Barfield and by him transferred to Argard, the person sued, and on page 126 it is stated that Argard obtained possession of the land. In *National Mortgage Corporation* v. *Bullard*, 178 *Ga.* 451 (173 S. E. 401), which also appears in the brief, nothing was held contrary to what is here ruled. The opinion states that "Bullard contends that his demurrer was rightly sustained, on the theory that under the law of this State he held the land as a trustee for the creditor; and that upon this theory alone is a suit in equity permitted in this jurisdiction against one in his

position, insisting further that the creditor and security holder in causing the 'trust property' to be sold under the power of sale has destroyed the res of the trust, rendering itself powerless to do equity in the cause, and has therefore lost or extinguished its equitable remedy against this defendant as trustee." We have examined the original record of file in the office of the clerk of this court, and it appears therefrom that the petition affirmatively declared that the deed containing the covenant of assumption was recorded.

In *Skeen* v. *Glover*, 45 *Ga. App.* 121 (163 S. E. 611), the original record shows that it was alleged that Glover "sold" the land to Skeen. The Court of Appeals in its opinion referred to Skeen as a "purchaser." In the question certified by that court to this court (*Skeen* v. *Glover*, 174 *Ga.* 511), it was recited that "Where the purchaser of land," etc., "takes a warranty deed," etc. It could very well be said that when one person sold to another land, and the purchaser took a deed, he accepted it. We have no such situation in the case before us. Reliance is placed on *Fulcher* v. *Royal*, 55 *Ga.* 68. In that case the claimant asserted title under a deed from the defendant in fi. fa. The plaintiff in fi. fa. demurred to the claim, on the ground that the deed had not been recorded. The opinion of the court stated that the deed was recorded, but nevertheless ruled that "Where a claim sets out a deed, and the claim is demurred to, the execution of the deed, including its delivery, is admitted." The grantee was asserting title under the deed. It was a muniment of title under which she claimed. It was not an instance where some one was attempting to bind her, against her will, by the contents of the deed. The distinction seems plain. The Georgia law, Code of 1933 (§ 29-102), provides: "When a grantee accepts a deed and enters thereunder, he will be bound by the covenants contained therein, although the deed has not been signed by him." Referring to instruments not signed by the grantee, the following statement of the rule is contained in 1 Restatement of the Law of Contracts, § 105: "Acceptance by the promisee or grantee in the case of a sealed promissory writing or conveyance, which purports to contain a return promise by him is essential to create any contractual obligation." The petition failing to show acceptance, or entry under the deed, or an allegation that the deed was recorded, even if such an allegation would

obviate the necessity of a statement that the defendant accepted the deed, the court did not err in sustaining a general demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur, except Reid, Chief Justice, who dissents.*

DUCKWORTH, Justice, concurring specially. I concur in the judgment of affirmance solely because the petitioner sought the benefit of a statute that is somewhat of a departure from the general method of binding one to a contract without his signing the same, in that the statute here relied upon makes the grantee in the deed become obligated to a third party on an obligation of the grantor in the deed. The statute, in addition to other requirements, provides that in order to bind such a grantee for the debt he must go into possession of the property. Where judgment against the grantee under such a statute is sought, the petition should allege every essential requirement of the statute; and where, as in the instant case, there is no allegation that the defendant grantee went into possession of the property, a cause of action is not alleged, and the petition was properly dismissed on general demurrer. See *Trotti* v. *Wyly,* 77 *Ga.* 684; *Reaves* v. *Meredeth,* 123 *Ga.* 444, 448 (51 S. E. 391).

I can not agree to that part of the majority opinion where it is held that the allegation of the petition that the property was conveyed to the defendant failed to allege that a deed was delivered and accepted. The opinion states that the word "conveyed" may technically mean signing, delivering, and accepting a deed, but that it has other meaning. It is my opinion that the word "conveyed" as used in the petition with reference to real property has but one meaning, and that is that a properly executed deed was delivered and accepted by the grantee. There can be no conveyance of real estate, under our law, unless such a deed is delivered, and there can be no delivery unless there is an acceptance. I think this allegation in the petition was sufficient to aver that the deed was delivered and accepted by the defendant; and that in so far as the ruling in *Federal Land Bank of Columbia* v. *Paschall,* 180 *Ga.* 224 (supra), would require a contrary holding, that decision not being by a full bench, we should not follow it and should expressly disapprove it. To sustain the majority opinion in this case it is not necessary to rule on this question, because, as pointed out

above, there was another fatal defect in the petition, which sustains the judgment of affirmance; and the ruling of the majority on the meaning of the word "conveyed" is an approval of the unsound ruling made in *Federal Land Bank of Columbia* v. *Paschall,* supra.