10442. Loftis Brothers & Company v. Creel.

Bloodworth, J. The petition in this case does not set out a cause of action, and the judge erred in overruling the oral motion to dismiss it.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

Decided October 9, 1919.

Complaint; from Fulton superior court—Judge Pendleton. March 8, 1919.

In this suit a former salesman of the defendant sought to recover $2,400 as commissions on sales, and sought discovery as to the amount of the sales, etc. The petition alleges, in substance, that on June 1, 1914, the plaintiff entered the employ of Banta-Cole Company as a salesman. The company was engaged in the business of selling watches and jewelry, both for cash and on the installment plan. By oral agreement he was to receive "as his compensation 20 per cent. of the gross amount of all his sales made for said company by him, or by said company through his instrumentality or as a result of his labors, his compensation becoming payable and to be paid as and when the goods sold were paid for, or payments made on account of such sales by purchasers, whether such sales were made for cash or on credit. In addition to acting salesman for said company, petitioner was to . . aid in the collection of all amounts of all credit sales made by him." He worked for the company under this agreement until February 16, 1917, on which date its assets were purchased by the defendant and he was employed by the defendant, the business being continued by the defendant. By oral agreement with the defendant he "was to and did receive as his compensation 20 per cent. of the gross amount of all sales made for said defendant by him, or by said company through his instrumentality or as a result of his labors, his compensation becoming payable and to be paid as and when the goods sold were paid for or payments made on account of such sales by purchasers, whether such sales were made for cash or on credit. In addition to the compensation aforesaid the said defendant recognized petitioner's rights in installment sales already made for the Banta-Cole Company, and agreed that petitioner might have and receive as additional compensation the twenty per cent. on all installments sales made by him for the Banta-Cole Company as aforesaid, as and when payments were made by persons to whom sales were made. In addition to acting

as salesman for said defendant, petitioner was to and did, as a part of his contract and agreement with said company, aid in the collection of all amounts of credit sales by him, whether for the defendant or the Banta-Cole Company." He worked under this agreement until February 1, 1918, when the defendant notified him that from that date he would receive only a specified salary, without any commissions. Upon his failure to accept this change in the contract "the defendant notified him that he could not make any further sales or collections for it, and that he would not receive any further commissions on any account whatever; whereupon his connection with the defendant was severed." On February 1, 1918, there remained unpaid on the installment sales accounts made by him for the defendant a sum amounting to $7,000, and on the sales made by him for Banta-Cole Company $5,000. The defendant fails and refuses to permit him either to sell any more goods for it or to collect on account of sales already made by him for it and for the Banta-Cole Company. "His commissions on the total amount of his said sales aforesaid, as and when collected, amounts to the sum of $2,400;" and "by reason of the facts hereinbefore set forth, the said defendant is indebted to him and has injured and damaged him in the sum of $2,400." For reasons set out, it is alleged, the plaintiff is unable to give the names of all persons to whom sales were made, the amounts thereof, the amounts paid on account thereof, the amounts remaining unpaid, and the amounts of his commissions thereon, paid and unpaid. It is prayed: (*a*) that the plaintiff may have judgment against the defendant for $2,400; (*b*) that the defendant be required to answer attached interrogatories; (*c*) that the defendant be required to deliver to him his duplicates of sale sheets made by him while acting as salesman for the Banta-Cole Company and the defendant; (*d*) that the defendant be required to produce for inspection the sale sheets and its books of account and installment contracts referring to such sales; and (*e*) that process issue, directed to the defendant. Interrogatories as to the times and amounts of the sales and collections were attached to the petition.

An oral motion to dismiss the petition was made by the defendant, and the court rendered the following judgment: "Upon motion to dismiss because no cause of action is set forth, it appearing that money on sales made by the plaintiff had been collected

before the bringing of this suit, it is considered, ordered, and adjudged that the motion to dismiss be and the same is overruled." To this judgment the defendant excepted. It was contended by counsel for the defendant that as the alleged contract did not fix any time for its duration, it could be terminated at any time at the will of either party; that no breach of contract was shown; and that the plaintiff was not entitled to compensation after the termination of his employment, or to commissions on amounts not collected. Counsel cited: Clark on Contracts (2d ed.) 430; *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 703; *Bentley* v. *Smith,* 3 *Ga. App.* 242 (4); *Hearn* v. *Gower,* 1 *Ga. App.* 265 (2). Counsel for the plaintiff contended that "the right of the salesman to compensation became fixed whenever a sale was made by him according to the contract, subject to be divested by failure of the purchaser to make payment on a credit sale, his compensation becoming due and payable whenever payment was made by the purchaser;" and that, it being admitted by counsel for the defendant that collections were made by the defendant before the filing of the suit, as "will appear by reference to the order overruling the demurrer," the plaintiff "was entitled to recover some amount."

*Rosser, Slaton, Phillips & Hopkins,* for plaintiff in error.

*W. H. Terrell,* contra.