WELLS *et al. v.* HAYNES.

1. Under a contract by the terms of which one undertakes to pay to an attorney at law a sum certain for professional services rendered in respect of a particular matter, such attorney is not entitled to recover for services rendered by him to the same person in respect of another and entirely different matter. For services rendered with respect to the matter last referred to, even though there be no agreement between his client and himself as to the amount to be received by him, he would nevertheless, if he rendered valuable services, be entitled to recover upon a quantum meruit a reasonable sum by way of compensation for such service.

2. Under the principle above announced, the verdict in the present case was contrary to law, and the court should have set it aside on motion.

Submitted June 28, — Decided July 20, 1897.

Complaint on account. Before Judge Hart. Laurens superior court. July term, 1896.

*John M. Stubbs,* by *Harrison & Bryan,* for plaintiffs in error.
*Roberts & Burch, T. S. Felder, J. B. Saunders,* and *Anderson, Felder & Davis,* contra.

ATKINSON, J. The defendant in error, who was the plaintiff in the court below, sued the plaintiffs in error, upon an account stated, for the sum of $1,624.50, alleged to be due to him for services rendered in the collection of moneys by him as their attorney at law, under a contract by which they undertook to pay to him "one half of the amount which he may recover for us out of the money which may be refunded to the State of South Carolina, or our interest therein, by the U. S. government, known as the direct tax; and said one half of such recovered (?) is to be full and complete compensation for such service and all costs incurred by him for same, and which amount shall relieve us of all liability to him." Upon the trial of the case a verdict was rendered in favor of the plaintiff for $1,462.05 principal, and $341.05 interest. The defendants moved for a new trial, upon the grounds that the verdict was contrary to law, evidence and the weight of the evidence; upon the further ground that the court erred in charging the jury: "If you believe from the evidence that Haynes made the contract sued on with the defendants, and the defendants signed that contract without fraud having been practiced by Haynes upon

them, and if you believe that Haynes rendered the service, or that he, acting through another, recovered the fund, I charge you that he is entitled to recover one half of the funds so. received by defendants, less any expense which they have paid out from other sources." A number of other errors were assigned, which are not controlling, and which it will not. be material to consider, under our view of this case.

Upon the trial of the cause it was shown that the father of the defendants, at the outbreak of the civil war, resided on one of the islands off the coast of South Carolina, where he owned a considerable quantity of land. Under the act of Congress levying direct taxes against the several States, which was approved August 5, 1861, these lands were sold by the United States government. It was brought to his attention that Congress had made, or would make, an appropriation refunding to the States the sums collected from the several citizens under the direct tax act, and he employed the plaintiff to represent him in securing such portion of such fund as, under the action of the Federal Congress above referred to, he might be entitled to receive. Afterwards he died, and the defendants, who were his heirs at law, entered into a written contract with the plaintiff as specified above. Under this agreement, the plaintiff associated with himself another lawyer who resided in the city of Columbia, S. C., through whom, out of the "direct tax" fund, a considerable sum was collected, one half of which appears to have been paid to the defendants. In the course of the investigation of the attorney residing in South Carolina, he discovered that, in addition to the sum to which the defendants were entitled as a part of the "direct tax" fund, they were likewise entitled to recover a considerable sum of money for the value of the lands sold at the "direct tax" sale. Without, so far as the record discloses, making any further contract of employment, the plaintiff, through his associate in South Carolina, instituted an action in the name of defendants, as heirs at law of their deceased parent, in the court of claims, which resulted in a recovery by them of a judgment for the sum of $3,249.00, which was subsequently paid by the associate counsel of the plaintiff direct to the defendants themselves.

The plaintiff claimed to be entitled, under his contract of employment, to one half of the sum thus recovered in the court of claims. The question then is, whether, under this state of facts, the plaintiff, under his written contract of employment, is entitled to recover from the defendants one half of the sum last above mentioned.

It will be seen, by reference to the contract upon which he sues, that his agreement related only to the recovery of sums due to the defendants out of the "direct tax" fund, which, under the act of Congress, approved March 2, 1891, was delivered to the State of South Carolina to be by that State held in trust for, and to be paid to, the persons who contributed to that fund, in proportion as they made their several interests to appear. The fund, a portion of which he now seeks to recover under his contract of employment, was not a part of the "direct tax" fund, but, on the contrary, was a separate and distinct sum which, under the fourth section of the act last above referred to, was to be paid upon satisfactory proof of their demands to the legal owners of property which had been sold under proceedings to collect the "direct tax." The fund last referred to was not in the hands of the State of South Carolina, was never refunded to it by the United States government as a part of the "direct tax" fund, but, on the contrary, the payment of that fund depended upon the proof of the applicants' claim in the court of claims. Inasmuch, then, as the plaintiff's contract authorized the payment to him of one half of the amount which he might recover for the defendants "out of the money which may be refunded to the State of South Carolina, by the U. S. government, known as the direct tax," it follows conclusively that no allowance for counsel fees, under that contract, could be made to the plaintiff for and on account of services rendered in the collection of any other fund from the United States government to which the defendants would be entitled.

The charge of the court above specified, which was complained of, was manifestly erroneous, and evidently resulted from a failure upon the part of the trial judge to discriminate between the two funds which we have hereinbefore distin-

guished. It follows further, that any recovery by the plaintiff upon his contract which is set out in the record, upon account of services rendered in the collection, through the court of claims, of the claim in that court adjudicated, was manifestly contrary to law, his contract having no relation to that fund. If it should be found, however, that in the collection of this fund he rendered to the defendants a valuable service with their consent or acquiescence, he would, nevertheless, be entitled to recover, not upon his contract, but upon a quantum meruit, such an amount as would be a reasonable and just compensation for the services rendered by him. The court having charged erroneously upon the subject of the defendants' liability, and there being no evidence of the value of the services rendered by the plaintiff in the collection of the fund out of which he now seeks to be compensated, the verdict was without evidence to support it, is therefore contrary to law, and the court erred in not awarding a new trial.

*Judgment reversed. All the Justices concurring.*