### GUNN *v.* CHAPMAN *et al.*

HINES, J. 1. Every conveyance of real or personal estate, by writing or otherwise, had or made with intention to delay or defraud creditors, and such intention known to the party taking, is void as to creditors of the maker, and such persons other than creditors who have any rightful claim or demand against the grantor, for which such person is entitled to have a judgment in any court of law or equity; but a bona fide transaction, on a valuable consideration, without notice or ground for reasonable suspicion, shall be valid. Civil Code § 3224 (2); *Mc-Dowell* v. *McMurria,* 107 *Ga.* 812 (33 S. E. 709, 73 Am. St. R. 155); *Boswell* v. *Boswell,* 147 *Ga.* 734 (95 S. E 247).

2. Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance, is likewise void against creditors of the maker, and such persons other than creditors who have any rightful claim or demand against the grantor, for which such person is entitled to have a judgment in any court of law or equity.

3. Such conveyances, though void as to creditors and the other persons designated, are good between the parties, and all persons other than creditors and those above designated. *Jones* v. *Dougherty,* 10 *Ga.* 273; *Tufts* v. *DuBignon,* 61 *Ga.* 322 (5).

4. The first grant of a new trial will not be disturbed by this court, unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge. Civil Code, § 6204.

5. We can not say that the law and facts require the verdict rendered in this case, for the reason that the existence of the debt of the plaintiff or some part thereof, at the time of the conveyance from the husband to the wife, was, under the evidence, an issuable fact, the evidence not demanding a finding that the debt or some part thereof existed at the date of the conveyance.

<div align="right">

*Judgment affirmed. All the Justices concur.*

*J. A. Mitchell* and *E. P. & J. Cecil Davis,* for plaintiff.

*M. L. Felts* and *Hawes Cloud,* for defendants.