CUMBERLAND REALTY & LOAN CO. *v.* WEYMAN *et al.*

No. 7321. NOVEMBER 14, 1929.

*W. C. Henson, Craighead & Craighead,* and *Douglas, Douglas & Andrews,* for plaintiff.

*Alston, Alston, Fosler & Moise* and *Tye, Thomson & Tye,* for defendants.

GILBERT, J. Cumberland Realty and Loan Company et al. filed suit in equity against Massell Realty Improvement Company, hereinafter called the Massell Company, B. S. Miller, Samuel T. Wey-

man, and Central Realty Company, in which the following are the substantial allegations: On June 14, 1920, the Massell Company leased from James J. and Ralph Ragan certain property in the city of Atlanta for a period of ninety-nine years, which lease contained the following among other provisions: "Lessee shall have the right to sublease any part or all such premises, and also to assign or pledge this lease; provided, however, that any such sublease or assignment shall in no respect whatever relieve the lessee from any of the obligations in this lease contained, but that on the contrary, notwithstanding any such sublease or assignment, the lessee shall be at all times fully bound. Lessee agrees to carry fire-insurance covering the building now on said premises, at its own expense, in a sum of at least $35,000. The word lessors as used in this agreement shall include the contractual parties of the first part, their heirs, executors, administrators, and assigns, and the word lessee as herein used shall include the contracting party of the second part, its successors and assigns. It is expressly understood and agreed that the rental stipulated herein by the lessee to be paid shall be net to the lessors; but the lessee herein obligates itself, for certain valuable services rendered it by the Calhoun Company, agent of the lessors, in a separate agreement of this date, made a part of this lease contract, to compensate the Calhoun Company or its assigns, as per the terms of said separate agreement." Contemporaneously with the execution of this lease, the separate agreement provided for in the sentence last quoted was entered into between the Massell Company and Andrew Calhoun on behalf of the Calhoun Company, in which agreement the Massell Company agreed to pay to Calhoun Company, agent of the lessors, the rental as prescribed in the proposed lease, and agreed to pay an additional sum of 2-1/2 per cent. of the monthly rental, which represented the collection fee and was to be included regularly and monthly when the rent to the owner was paid. On October 24, 1920, the lease contract and the separate agreement were duly recorded.

The Calhoun Company transferred and assigned its interest in said commission agreement to petitioner. The Massell Company transferred and assigned the original lease together with all its rights under said lease to B. S. Miller, his heirs and assigns. B. S. Miller in turn assigned said lease to Samuel T. Weyman. In 1926 Weyman assigned the lease to Central Realty Company in the

same language as that used in the assignment of Miller to Weyman, except that the following language was omitted: "the obligations of said lease not being assumed." On December 1, 1926, Central Realty Company entered into possession of the leased premises under said lease. The lessee and each of the assignees prior to the assignment to Central Realty Company paid the rental under the lease to Cumberland Realty & Trust Company as agents of the lessors, and paid to petitioner an additional sum of 2-1/2 per cent. of said rentals as a collection fee. Central Realty Company and its predecessors in title have refused to pay the rentals on said property or the 2-1/2 per cent. collection fee to petitioner since the date that the Central Realty Company went into possession of the premises under the lease. The petition alleges that the defendants, Massell Realty Improvement Company, B. S. Miller, Samuel T. Weyman, and Central Realty Company, are indebted to petitioner in the sum of $677.04, being 2-1/2 per cent. of the monthly rentals which aggregate $1041.67 from December 1, 1926, to the date of the filing of the suit; that the 2-1/2 per cent. commission has been paid by all assignees except the Central Realty Company, which refuses to pay the same; that petitioner has demanded payment of said rentals and collection fees, and has at all times held itself ready, willing, and able to receive them; and that Massell Realty Improvement Company is insolvent.

The court sustained general demurrers interposed by S. T. Weyman and Central Realty Company, and the plaintiffs excepted.

Properly construed, the assignment of the lease by Miller to Weyman constitutes no legal responsibility upon the part of the assignee to pay commissions for the collecting of the monthly payments on the lease under the contemporary agreement between Massell Realty Improvement Company and Calhoun. In this assignment one recital is: "the obligations of said lease not being assumed." This recital should not be construed as meaning that the assignee does not agree to pay monthly rentals to the lessor. It must have reference, therefore, to some other obligation. Whether it has reference to the payment of commissions for collecting the rent is not certain; but whether it does or not, there is nothing in any of the written instruments, or in all of them construed together, that is sufficient to create a legal assumption on the part of Weyman to pay these commissions on rents. The assignment from Weyman

to Central Realty Company is substantially in the same language, except that it does not contain the words just quoted, expressly declining to assume the obligations of the lease. Central Realty Company assumed no greater burden than that resting upon Weyman, its assignor; and therefore the instruments mentioned did not create a liability on the part of Central Realty Company to pay such commissions. Such was the construction of these documents by the trial court; and therefore the judgment sustaining the general demurrers of both Weyman and Central Realty Company was not error.

*Judgment affirmed. All the Justices concur.*