CHAPMAN *v.* PORTWOOD, administrator.

ATKINSON, J. A husband and wife jointly executed a promissory note for $1400, which contained a clause mortgaging certain land. The note was a substitute for former notes given for money borrowed by the husband from the mortgagee. The husband, prior to the date of the mortgage, had conveyed the land to the wife. An equitable suit was instituted upon the paper against the husband and wife, seeking a general judgment and to have it declared a special lien upon the land. The wife alone filed answer. A verdict was returned for the plaintiff. The judge granted a new trial. The plaintiff excepted. The judgment of the trial court was affirmed, after announcing the principles of law involved in the case. *Gunn* v. *Chapman,* 166 *Ga.* 279 (142 S. E. 873). At the next trial the plaintiff amended her petition by alleging and pleading as an estoppel a written contract by the wife with the plaintiff, as follows: "Georgia, Taliaferro County. Received of Miss Delia Gunn fifty dollars in full payment of all equity that I have in and to the 50 acres of land in the 607th Dist. G. M., said county, whereon I now reside. Mrs. Lula Chapman." A verdict for the plaintiff for a stated amount was rendered, "to be recovered from the land covered by the mortgage." The exception is to a judgment overruling the defendant's second motion for a new trial, based on the general grounds and certain excerpts from the charge. *Held:*

1. The judge did not err in charging the jury: "If you believe, under the evidence, facts, and circumstances of this case, and that is entirely a matter for you to determine, that after this litigation began, that if Mrs. Chapman, the defendant in this case, did make and execute the writing which has been introduced in evidence, under and by virtue of the terms of which she conveyed all her equity or interest or whatever right she may have had in this particular property in question, and that she received therefor the sum of $50, why I charge you that you would stop right there in your deliberations and find a verdict in favor of the plaintiff."

2. The remaining portions of the charge complained of in the motion for new trial, considered with the context, were in substantial accord with the principles announced when the case was formerly before this court, and show no error requiring a reversal.

3. The evidence was sufficient to support the verdict, and there was no error in refusing a second new trial.

*Judgment affirmed. All the Justices concur.*

No. 8588. AUGUST 11, 1932.

*M. L. Felts* and *Hawes Cloud,* for plaintiff in error.
*E. P. & J. Cecil Davis* and *J. A. Mitchell,* contra.