MAY REALTY COMPANY *et al.* v. FORSDICK.

*J. K. Jordan,* for plaintiffs in error. *Augustine Sams,* contra.

ATKINSON, J. The payee named in a promissory note secured by a deed conveying realty, subject to a prior outstanding security deed, instituted an equitable action for the amount of the debt, foreclosure of the security, and appointment of a receiver, against the maker and his four successive grantees named in subsequent deeds conveying the realty. The third and fourth grantees jointly filed demurrers (a) to the original petition, (b) to an amendment to the petition, and (c) to the petition as amended. They also filed an answer. Exceptions pendente lite were taken to the orders overruling the demurrers. On the trial a nonsuit was granted as to the second grantee. A verdict was directed for the plaintiff against the maker and the first and third subsequent grantees, for the amount of the debt. The question raised by the amendment seeking to declare the deed to the fourth grantee void as having been made for the purpose of hindering and delaying creditors was submitted to the jury, and on that question also the verdict was for the plaintiff. The third and fourth grantees filed a motion for a new trial, which was overruled, and they excepted. Error was assigned also on the exceptions pendente lite. Other facts will sufficiently appear in the decision which follows.

1. It has been held: "Where a debtor conveyed, by an instrument in the form of a deed, real and personal property, and included in the conveyance a statement that the grantee agreed to pay a certain debt which the grantor owed, and the grantee received such deed and the property conveyed thereby, and the grantor became insolvent, the holder of a note of the grantor for such debt, or a part thereof, upon its becoming due and remaining unpaid, could file an equitable proceeding, with proper parties, to enforce the payment of such debt by the grantee. . . Where a provision of the character indicated . . was contained in a deed conveying realty and personalty, and the grantee accepted the deed and received the property conveyed, this made a contract between him and the grantor, binding upon him, although he did not sign the instrument." *Union City Realty Co.* v. *Wright,* 138 *Ga.* 703 (76 S. E. 35). See *Federal Land Bank of Columbia* v. *Paschall,* 180 *Ga.* 224 and cit. In response to special demurrers, the amendment

to the petition set forth copies of certain documents, among which were the deeds purporting to convey the property to the second, third, and fourth grantees respectively. The deed to the second grantee contains the statement that the grantee takes subject to the encumbrance now in question but that he does not assume the debt. The deed to the third grantee contains the clause: "This deed is subject to the following encumbrances now on the above-described premises, which encumbrances are hereby assumed by the said May Realty Company [the third grantee], as part of the consideration for this conveyance." Then follow the prior outstanding encumbrance referred to in the statement of facts, and the encumbrance of the plaintiff upon which the suit was predicated. The petition alleged in substance that the grantee received the deed and the property which it subsequently conveyed to the fourth grantee that went into possession of the property under its deed, and that said third grantee was insolvent. Under application of the principle quoted above, the petition as amended alleged a cause of action against the third grantee. The case differs from *Cumberland Realty & Loan Co.* v. *Weyman,* 169 *Ga.* 411 (150 S. E. 590), in which the conveyance to the Cumberland Realty & Loan Company, which it was sought to charge, did not state that the grantee assumed the debt in question.

2. The following excerpt is from the opinion in *National Mortgage Corporation* v. *Bullard,* 178 *Ga.* 451, 453 (173 S. E. 401): "In *Morgan* v. *Argard,* 148 *Ga.* 123, 124 (95 S. E. 986), it is stated that 'practically all of the American courts permit a suit at law or in equity by the vendor against the maker of the purchase-money notes and his vendee, either (1) upon the broad ground that if one person makes a promise upon a valuable consideration for the benefit of a third person, the third person may maintain an action on the promise; or (2) upon the theory of equitable subrogation, by which a creditor is entitled to all the collateral securities which his debtor has obtained to reinforce the primary obligation.' . . In this State the creditor is limited to a suit in equity. *Sheppard* v. *Bridges* [137 *Ga.* 615, 74 S. E. 245], and cit." See also *Reid* v. *Whisenant,* 161 *Ga.* 503-508 (131 S. E. 904, 44 A. L. R. 599); *O'Leary* v. *Costello,* 169 *Ga.* 754-757 (151 S. E. 487). Under application of the principles stated above, and under the theory of equitable subrogation, what would be the effect of failure

of the second grantee to assume the debt, thereby constituting a break in the chain of assumptions expressed in the successive deeds upon the right of the plaintiff to a personal judgment against the third grantee, whose deed expressly stated that as a part of the consideration he assumed the debt, is not here involved.

3. The deed to the fourth grantee purported to be upon consideration of $10 and "other valuable considerations," and to convey several real properties "subject to all existing loans, liens, and encumbrances, the payment of which the grantee herein does not assume." It was alleged that the properties so conveyed constituted all of the property of the grantor, who was insolvent; and that the deed was made for the purpose of hindering and delaying creditors, and was void. It was prayed that this deed be canceled, and that title to the property be decreed to be in the grantor. When considered in connection with allegations of the petition, the amendment was not demurrable on either of the grounds (a) that it sets forth a new cause of action, (b) that it fails to set forth ground for cancellation of the conveyance. Nor, when considered in connection with allegations of the petition, was the amendment demurrable on the ground that it affirmatively appears that the second grantee "did not assume or agree to pay plaintiff's mortgage debt, but only agreed to assume and pay the first mortgage."

(a) A creditor may proceed against his debtor in the superior court for judgment on his demand, and in the same action may have cancellation of his debtor's fraudulent deed, if necessary to enforce his judgment, where his debtor's grantee is a party to the action. *Fourth National Bank of Columbus* v. *Mooty*, 143 *Ga.* 137 (84 S. E. 546). The amendment was germane to the original cause of action and conducive to the grant of complete relief with respect to the same matter, and consequently not objectionable as adding a new and distinct cause of action. *Jenkins* v. *Lane*, 154 *Ga.* 454 (115 S. E. 126).

(b) The amendment was demurrable as against the fourth grantee in so far as it prayed a general judgment against him, and to that extent the judgment overruling the demurrer entirely was erroneous. But a reversal will not be ordered on account of this error, because on the further trial the verdict rendered for the amount of the debt did not include a finding against the fourth grantee.

(*c*) The amendment, considered in connection with the allegations of the petition, alleged a cause of action for setting aside the deed to the fourth grantee and decreeing title to the property vested in the grantor named in that deed.

4. The jury by direction of the court returned a verdict for the plaintiff, first, against the maker of the note and the first and third grantees, for the amount of the principal debt with interest and attorney's fees; and second (on submission to them by the court for decision), against the third and fourth grantees, finding that the deed to the fourth grantee was void. A decree was entered, conforming to the verdict for the amount specified therein, and canceling the deed declared to be void. If there was any error in admitting, over objection, "the earnest-money receipt" therein referred to, issued by the grantor named in the security deed to his first grantee, it was not harmful to the third and fourth grantees, sole movants for a new trial.

5. The request to charge the jury, as set forth in ground 9 of the motion for a new trial, would have restricted the jury entirely to the matter of solvency, leaving out the question of intention to hinder and delay creditors in determining whether the deed was void, and was not properly adjusted to the pleadings and the evidence.

6. The requests to charge as stated in grounds 7 and 8 were not in accord with the principle stated in the first division. Grounds 4 and 6 are merely elaborative of the general grounds.

7. The verdict in so far as directed by the court was demanded by the evidence, and so far as it related to the question submitted to the jury by the court it was authorized by the evidence. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Hutcheson, J., disqualified.*