1. The petition — alleging employment of the petitioner, an attorney, by the defendant widow to render certain services in her behalf in connection with the administration of the estate of her deceased husband, that he procured the appointment of an administrator, that all duties devolving upon him were diligently performed, and that payment therefore had been demanded and refused, and praying for judgment for a named sum — set forth a cause of action against her for a reasonable fee for services rendered her until the discharge of the administrator, but not for services rendered the estate under the alleged employment by the administrator.
2. A creditor may in one action in the superior court proceed against his debtor for judgment on his demand and for cancellation of a voluntary *Page 237 
deed executed by such debtor to another when insolvent or when he is thereby rendered insolvent, both the grantor and grantee being joined as necessary parties defendant.
(a) Under the facts alleged in the petition, the court erred in sustaining the general demurrer as to the defendant grantee and as to that portion of the petition seeking cancellation of two voluntary deeds alleged to have been executed by the defendant debtor to such grantee, such deeds being without consideration and rendering the debtor insolvent.
3. The amount due the petitioner not being payable, under the facts shown by the petition, until the discharge of the administrator of the estate of the debtor's deceased husband, which discharge was effected on March 3, 1943, no right of action accrued until that date, and the suit, instituted on February 13, 1947, was not barred by the statute of limitation of four years.
 Nos. 16041, 16042. JANUARY 9, 1948.
B. F. Neal brought suit against Mrs. James Stapleton and W. S. Boyd, the petition as amended alleging the following: Early in 1941, James Stapleton, the husband of the defendant, Mrs. James Stapleton, died intestate, a resident of Jefferson County, Georgia, leaving an estate of approximately 1600 acres of land of the value of approximately $60,000. Mrs. James Stapleton, his sole surviving heir, employed the petitioner to wind up the estate of her deceased husband, the petitioner having been practicing law for twenty-five years. It was at first their plan to handle the estate without administration but, because of certain threatened suits and other obligations, the petitioner, late in the fall of 1941, made application for administration, and the defendant, W. S. Boyd, was appointed and qualified as administrator of the estate of James Stapleton, deceased, at the November term, 1941, of the Court of Ordinary of Jefferson County. Following the said qualification, the petitioner was employed by the defendant Boyd, as administrator of the said estate, to continue his representation just as he had done prior to the appointment of the administrator. The petitioner rendered all proper and necessary services in the handling and winding up of the said estate, and obtained a discharge for the defendant Boyd as said administrator on March 3, 1943. Prior to the appointment of the defendant Boyd as administrator and subsequently thereto, the defendant, Mrs. James Stapleton, upon several occasions during the years 1941, 1942, and 1943, stated to the petitioner that *Page 238 
she would pay him an adequate fee for such services in handling the estate of James Stapleton, deceased, as soon as she could get hold of sufficient funds. The petitioner agreed with her that she need not embarrass herself in obtaining funds to pay the petitioner while there were pressing obligations against the said estate, and she and the petitioner agreed that, "when the estate was wound up, the administrator discharged, . . defendant, Mrs. James Stapleton, then coming into possession, control and ownership of all of said estate, would pay your petitioner a reasonable and adequate sum for his services so rendered." The defendant Boyd was entirely familiar with all of the transactions and the services rendered by the petitioner in the handling of the said estate, and for the purpose of hindering, delaying, and defrauding the petitioner he induced, by fraud, trickery, and misplaced confidence, the defendant, Mrs. James Stapleton, to convey to him all of the property of the estate of James Stapleton, deceased, thus making it impossible for the defendant, Mrs. James Stapleton, to pay to the petitioner the sums due him. While the defendant Boyd was administrator of the said estate, to wit, on February 2, 1943, he fraudulently and through misrepresentation, trickery, and duress, and without consideration, obtained from the defendant, Mrs. James Stapleton, a deed to 1047.25 acres of land, the same being the major portion of the property of the estate, the said deed being recorded in the office of the Clerk of the Superior Court of Jefferson County, Georgia, as of February 15, 1943, in deed book 3G, pages 168 and 169, reference to the said record being had as often as may be proper in the petition. On March 28, 1944, without consideration and by fraud, trickery, and duress, the defendant Boyd obtained from the defendant, Mrs. James Stapleton, a deed to 13.3 acres of land, recorded on April 3, 1944, in deed book 3G, page 359, of the deed records in the office of the Clerk of the Superior Court of Jefferson County, Georgia, reference to the same being prayed as often as pertinent to the petition.
There was no consideration for either of the two deeds herein before mentioned, and the defendant Boyd obtained the same fraudulently, unscrupulously, and by the use of trickery and duress for the purpose of hindering, delaying, and defrauding the petitioner. The properties so conveyed constitute all of the properties *Page 239 
of the said estate which had vested in the defendant, Mrs. James Stapleton, and denuded her of every vestige of property, leaving her penniless and unable to pay the petitioner the sum due him or any portion thereof. The defendant Boyd is a brother of Mrs. James Stapleton and has lived in the home with her and her deceased husband for approximately forty years. At the time of the purported execution of the deeds herein before mentioned, she was 78 or 79 years of age, physically feeble and infirm, and utterly unfamiliar with and incapable of handling business. The defendant Boyd, being with her constantly, both day and night, professing great affection for and interest in her, being the administrator of her estate, her agent and representative in the handling of her business affairs, came to dominate her will, formulate her opinions, and dictate her acts and doings. Under the situation above outlined, the defendant Boyd obtained the execution of the said deeds by her without her knowledge or suspicion that she was deeding her property to him. In the spring of 1947, when Mrs. Stapleton for the first time was informed of the aforesaid conveyances, she authorized and directed that action be taken to set aside the same, but at that time she had reached the age of 81 years, was still more feeble and infirm physically and mentally than in 1943 and 1944, and more completely under the control and domination of the defendant, W. S. Boyd. He, being informed of her plans, cursed, abused, imprisoned, and threatened her with physical violence to such an extent that she became afraid to take proceedings contrary to his wishes, and she is at the present time a virtual prisoner in the home of which he has defrauded her, and is afraid for her own life to make any statements or do any act contrary to his wishes, and is prohibited from conferring privately with any member of her family or doing any act or thing except with his special permission. The fraud and duress practiced by him upon Mrs. Stapleton consists in foreign her to sign the instruments conveying the property as set out herein before, without knowing what she was executing, and by physical abuse and personal threat and imprisonment restraining her from making any move to correct the said fraudulent transaction. The petitioner performed diligently all of the duties devolving upon him in the handling of the said estate, the reasonable value of which is $5000. Since *Page 240 
it became due demand for its payment has been made of each of the defendants and payment has been refused. The prayers were: (a) for process; (b) that the described deeds be declared null and void and ordered canceled of record; (c) that the properties conveyed be decreed to be the properties of the defendant, Mrs. James Stapleton, and the title thereto vested in her; and (d) that the petitioner, B. F. Neal, have judgment against the defendant, Mrs. James Stapleton, with a special lien on the property hereinbefore described, in the sum of $5000; (e) that the petitioner have such other and further relief as may appear equitable and proper.
The defendants demurred to the original petition on stated grounds, and after the amendment was allowed renewed such grounds of demurrer to the petition as amended and also demurred on additional grounds, all of which were: 1. No cause of action was set forth against either or both of the defendants. 2. There is a misjoinder of parties and causes of action against the defendants in the following particulars: (a) The petitioner alleges a contract with the defendant, Mrs. Stapleton, in her individual capacity to pay him for services rendered to an administrator of the estate of James Stapleton, and in the same count alleges a contract against the administrator of the estate of her husband. Both could not be liable in this suit. (b) A suit against the individual, Mrs. Stapleton, for a fee and a suit to set aside a deed made by her to a third person can not be set up in the same action. No suit to set aside a fraudulent conveyance can be maintained unless and until the petitioner obtains some lien to operate on the said property. (c) Under the allegations of the petition any fee the petitioner has earned was the obligation of the administrator, W. S. Boyd, the alleged former contract for employment made with Mrs. Stapleton having been merged into or supplanted by an obligation for the alleged fee made by Boyd, as administrator. 3. The petition is further demurrable in that a creditor has no right to bring a petition to set aside contracts for the benefit of the defendant, Mrs. Stapleton. 4. The petition shows on its face that the alleged debt is barred by the statute of limitations, as well as showing its complete discharge. 5. The allegations alleging fraud, trickery, misplaced confidence, and duress are demurred to as failing to *Page 241 
show in detail the acts of which the said conduct consisted. 6. The allegations fail to show what fraud was practiced, how the defendant, Mrs. Stapleton, was misled, and how any duress was practiced, and the petition as amended fails to show sufficient facts to constitute fraud, deceit, or duress. 7. The petition as amended fails to show at what time in 1943 Mrs. Stapleton made or reaffirmed any contract with the petitioner and whether oral or in writing, and the statement alleged to have been made by her in 1943 is not set out in detail as a fact, but is a conclusion of the pleader. 8. The alleged contract by Mrs. Stapleton in 1943, whatever the date may be, is a promise to answer for the debt of another and is within the statute of frauds, the same not being in writing signed by Mrs. Stapleton.
The court rendered judgment, (a) sustaining the demurrer as to the defendant, W. S. Boyd, and that portion of the petition seeking injunction and cancellation of the conveyances set out in the petition; and (b) ordering the question as to any amount being due by the defendant, Mrs. Stapleton, to the petitioner to be submitted to a jury. The exception here by the petitioner is to that portion of the judgment indicated by (a) above; and the defendant, Mrs. James Stapleton, by cross-bill of exceptions assigns error on that portion of the judgment overruling the demurrer as to herself.
1. The petition alleges that early in 1941 the defendant, Mrs. Stapleton, employed the petitioner to wind up the estate of her deceased husband, James Stapleton. It was first planned to handle the estate without administration, but because of threatened suits and some obligations against the estate it was decided to have an administrator appointed. Accordingly, the petitioner, on behalf of Mrs. Stapleton, the sole heir, made application for administration and the appointment of W. S. Boyd as administrator, and he qualified at the November term, 1941, of the Court of Ordinary of Jefferson County. Following the said qualification, the petitioner was employed by W. S. Boyd, as administrator of the said estate, to furnish services as he had been doing, and all proper and necessary services were performed for *Page 242 
the estate, including the matter of obtaining a discharge for the administrator. Construing the petition most strongly against the pleader, as must be done on general demurrer, it must be held that the services rendered the estate after the qualification of the administrator were in pursuance of the employment agreement with the administrator, and not by virtue of the original contract with Mrs. Stapleton. Nevertheless the petition sets out a cause of action against Mrs. Stapleton for such services as were rendered her, including the procurement of W. S. Boyd as administrator of the estate and anything done for her until the discharge of the administrator. It is alleged that the petitioner performed diligently all duties devolving upon him, and that payment for his services has been demanded and refused. While no amount is shown to have been agreed upon, the law implies a promise on the part of Mrs. Stapleton, in accepting the services, to pay a reasonable fee therefore, which services obviously terminated with the discharge of the administrator on March 3, 1943. Code, § 3-107; McDonald v. Napier, 14 Ga. 89, 104;Hudson v. Hudson, 90 Ga. 581 (1) (16 S.E. 349); Wells v.Haynes, 101 Ga. 841 (1) (28 S.E. 968); Jackson v. Buice,132 Ga. 51, 53 (63 S.E. 823); Kitchens v. Pool, 146 Ga. 229,230 (91 S.E. 81); Fleming v. Phinizy, 35 Ga. App. 792
(1) (134 S.E. 814); Mitcham v. Singleton, 50 Ga. App. 457
(178 S.E. 465). The petition as amended set forth a cause of action against Mrs. Stapleton for services rendered her as above stated, and was also good against the special demurrers.
2. The two deeds which the petition seeks to cancel are alleged to be without consideration, that is, voluntary deeds, and to have rendered the grantor, Mrs. James Stapleton, insolvent. The defendants to the present action are the grantor and the grantee, respectively, in the deeds. They are both necessary parties in a suit to cancel the deeds. Taylor v.Colley, 138 Ga. 41 (74 S.E. 694); Zeigler v. Arnett,142 Ga. 487 (83 S.E. 112); Gibbs v. Harrelson, 147 Ga. 404
(94 S.E. 235); Hines v. Wilson, 164 Ga. 888 (4) (139 S.E. 802). Although such deeds be valid as between the grantor and the grantee (Jones v. Dougherty, 10 Ga. 273 (5); Tufts v.DuBignon, 61 Ga. 322; McDowell v. McMurria, 107 Ga. 812
(2), 33 S.E. 709, 73 Am. St. R. 155; Gunn v. Chapman,166 Ga. 279, 142 S.E. 873), the petitioner, a creditor, *Page 243 
as he is shown by the petition to be, is not precluded from attacking them. Code, § 28-104. Such an attack may be made in the same suit which seeks a judgment on the debt. DeLacy v.Hurst, 83 Ga. 223 (4) (9 S.E. 1052); Vaughn v. GeorgiaLoan Co., 98 Ga. 288 (25 S.E. 441); Booth v. Mohr,122 Ga. 333 (1) (50 S.E. 173); Fourth National Bank v. Mooty,143 Ga. 137 (84 S.E. 546); Deckle v. Carter, 156 Ga. 760
(2) (120 S.E. 9); May Realty Co. v. Forsdick, 180 Ga. 226,229 (178 S.E. 660). The defendant Boyd was, therefore, a proper and necessary party defendant in the present suit, and if sufficient grounds for cancellation are alleged it was error to sustain the demurrer and dismiss the action as to him. The Code declares that certain specified acts of debtors shall be fraudulent in law against creditors and as to them null and void, among which acts is "Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance." Code, § 28-201 (3). This rule of law is mandatory, and is based upon the moral and legal principle that one should be just before he is generous. Cohen v. Parish,105 Ga. 339, 347 (31 S.E. 205). While under the Code, § 28-201 (2), a fraudulent intent by the debtor is necessary to cancellation, it need not be shown where a voluntary conveyance is rendered void under the Code, § 28-201 (3), supra. FirstNational Bank v. Bayless, 96 Ga. 684 (1) (23 S.E. 851);Lane v. Newton, 140 Ga. 415 (2) (78 S.E. 1082);Cunningham v. Avakian, 192 Ga. 391 (2) (15 S.E.2d 493);Moncrief Furnace Co. v. Northwest Atlanta Bank, 193 Ga. 440
(1-a) (19 S.E.2d 155); Russell v. Glenn, 197 Ga. 816
(30 S.E.2d 617). The allegations of the petition state a cause of action for cancellation, and the defendants, Mrs. Stapleton and Boyd, were both proper and necessary parties. The court erred in sustaining the demurrer as to the defendant Boyd and that portion of the petition seeking cancellation of the two deeds, and the judgment is to that extent reversed.
The contention of counsel for the defendants that the two deeds were not voluntary, since the petition alleges that they were induced by fraud, trickery, misplaced confidence, etc., and Mrs. Stapleton was not aware that she was disposing of her property. is not well taken. A voluntary deed as contemplated under the Code, § 28-201 (3), has no relation to the question whether or *Page 244 
not the grantor intended to execute a deed to her property, but is a deed which is totally without consideration. See Martin v.White, 115 Ga. 866, 868 (42 S.E. 279); Pierce v. Bemis,120 Ga. 536 (48 S.E. 128); Holloman v. Board of Education,168 Ga. 359, 364 (147 S.E. 882); 44 Words Phrases (Perm. Ed.), 394-396.
3. There is no merit in the ground of demurrer that the action is barred by the statute of limitations since more than four years had elapsed between the alleged employment in 1941 and the institution of the suit on February 13, 1947. The fee for whatever services were rendered Mrs. Stapleton was not, under the allegations of the petition, payable until the estate was wound up and the administrator discharged, which discharge was effected on March 3, 1943. The statute of limitation of four years did not begin to run until the termination of the petitioner's services on March 3, 1943, when his right of action accrued, and suit would not be barred before March 3, 1947. Cooper v. Claxton,122 Ga. 596 (3) (50 S.E. 399); Hamby v. Collier, 136 Ga. 309
(3) (71 S.E. 431); Brooks v. Sims, 54 Ga. App. 71, 77
(187 S.E. 254); Code, § 3-706.
But counsel for the defendants contends that the statute of limitations began to run at a date prior to the discharge of the administrator and that the action is barred, the argument being based upon the following allegations of the petition: Mrs. Stapleton and the petitioner agreed that, "when the estate was wound up, the administrator discharged, . . defendant, Mrs. James Stapleton, then coming into possession and control and ownership of all of said estate, would pay your petitioner a reasonable and adequate sum for his services so rendered." It is conceded by counsel that, if the expressions, "when the estate was wound up" and "the administrator discharged," had been joined by the word "and," the statute of limitations would properly be said to run from the date of the discharge of the administrator, but that the comma between the two expressions converts the words, "the administrator discharged," into a conclusion of law by the pleader, namely, that the estate was wound up when the administrator was discharged, and that the words, "when the administrator was discharged," do not themselves fix any time when payment was to be made the petitioner. It is then argued *Page 245 
that the allegations, properly construed, mean that payment to the petitioner would be due "when the estate was wound up," and that necessarily such time would be prior to the discharge of the administrator on March 3, 1947, for the following reasons: If, as alleged, the administrator was discharged on March 3, 1943, a prerequisite would have been an application alleging full administration and citation published once a week for four weeks under the Code, § 113-2301. Since the application must allege the completion of the duties of the administrator as necessary to his discharge, the estate must be treated as having been wound up at least four weeks prior to March 3, 1943, and as the suit was not filed until February 13, 1947, it is obvious that it comes too late. We recognize that it is axiomatic that a petition must be construed on demurrer most strongly against the pleader, but this rule should not be perverted by unwarranted and strained construction. The only fair and reasonable construction of the language here under consideration is that the pleader was setting forth an agreement that payment would be made for the petitioner's services upon two named eventualities, and this without any intention by the pleader to classify them as coincident. In other words, the allegation means, not merely that payment was to be made when the estate was wound up, in so far as administration might be complete, whenever that might be, but when that had been accomplished and the administratordischarged.
It is further contended that, notwithstanding the fact that the administrator was not discharged until March 3, 1947, Mrs. Stapleton was fully possessed of and in control of all the property more than four weeks theretofore and was in position to discharge her promise to pay the petitioner an adequate fee "as soon as she could get hold of sufficient funds;" that any amount due the petitioner became payable then, a date more than four years prior to the institution of the suit. One answer to this contention is that, as mentioned in one of the briefs of counsel for the defendants, these statements by Mrs. Stapleton were mere assurances that she would compensate the petitioner adequately, under the agreement made by the parties "early in the year 1941," and not an attempt to fix a new maturity date. There is no allegation that the petitioner agreed thereto, but the agreement at such time is shown immediately after such allegation, namely, *Page 246 
"Your petitioner agreed with her," etc., including the expression hereinbefore discussed, "when the estate was wound up, the administrator discharged," etc.
Furthermore, the allegations we have referred to above may be treated as surplusage in respect to the cause of action and the question of the limitation which is here raised. As shown in division 1 of the opinion, the law implies a promise upon the part of Mrs. Stapleton to pay a reasonable fee upon the completion of the petitioner's services. Those services were not really completed until the discharge of the administrator on March 3, 1943. The allegations of an agreement to pay when the estate was wound up and the administrator discharged do not show any attempt to fix a new maturity date for payment, but allege an agreement to pay at a time which had already been fixed, under an implied obligation to pay, as March 3, 1943, and add nothing to the contract.
Judgment affirmed in part, and reversed in part on the mainbill of exceptions. Judgment affirmed on the cross-bill ofexceptions. All the Justices concur, except Wyatt, J., who tookno part in the consideration or decision of this case.